67   233
f97   232

# Emma Lund (formerly Emma Erland) v. John J. Hennessey.

1. JUDICIAL OFFICER—*Not Liable for Erroneous Judicial Act within his Jurisdiction.*—No judicial person—whether a chancellor sitting in a court of equity, a judge of a common law court of record, a justice of the peace or other inferior magistrate, a member of a court martial or juror, who is a part of the court—is, for any judicial act within his jurisdiction, however erroneous or mistaken, answerable in a civil suit to a party aggrieved. The only distinction between judges of superior and inferior jurisdiction, is that in the case of the latter the jurisdiction must be made to appear.

Trespass, for false imprisonment. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

## STATEMENT OF THE CASE.

On May 21, 1893, Emma Lund, the appellant, formerly Emma Erland, was a captain in the Salvation Army. In that capacity she was leading a small band of fellow-workers along Wentworth avenue, near 54th street, for the purpose of bringing in converts. On May 22d she was arrested, at the instance of one Hartung, a physician, and co-defendant. Said Hartung made a complaint to J. J. Hennessey, justice of the peace and appellee. This complaint was as follows:

"State of Illinois, ⎫
    County of Cook, ⎬ ss.
        City of Chicago. ⎭    The complaint and information of C. J. Hartung, of Chicago, in said county, made before J. J. Hennessey, esquire, one of the justices of the peace in and for said county, on the 21st day of May, 1893. Said complainant, being duly sworn, upon his oath says, that on or about, to wit, the day and year, and in the county aforesaid, Emma Erland, Hulda Duhlberg and John Karloon, did willfully and unlawfully disturb the peace and quiet of the neighborhood by loud and unusual noises, contrary to the forms of the statute in such case

made and provided. That this complainant has just and reasonable grounds to believe, and does believe, that the said Erland, Duhlberg and Karloon committed said offense, and therefore prays that they may be arrested and dealt with according to law.

CHRISTIAN J. HARTUNG, M. D.,<br>
5304 So. Ashland Ave.

Subscribed and sworn to before me, this 21st day of May, A. D. 1893.

J. J. HENNESSEY,<br>
Justice of the Peace."

Upon this the following warrant was issued:

" State of Illinois, &#125;<br>
   City of Chicago, &#125; ss.<br>
   County of Cook. &#125;

The People of the State of Illinois, to all sheriffs, coroners, constables and police officers within said State—greeting:

Whereas, complaint in writing, under oath, has been this day entered before the undersigned, a justice of the peace within and for said county, by C. J. Hartung, that on or about the 21st day of May, A. D. 1893, the offense of disturbing the peace was committed.

That said offense was committed in said county and State, contrary to the form of the statute in such case made and provided, and that said complainant has just and reasonable grounds to believe that Emma Erland committed said offense of disturbing the peace.

We therefore hereby command you forthwith to arrest the said Emma Erland and bring her before me, at my office in the Eighth District police court room in said city, or in case of my absence or inability to act, before any other judge or justice of the peace of said county, to answer to the people of the State of Illinois, on said charge, and abide such further orders as may be made concerning said charge, and make due service and return hereof, as the law directs.

Given under my hand and seal, at my said office, this 21st day of May, 1893.

J. J. HENNESSEY, [SEAL.]<br>
Justice of the Peace."

Under this warrant appellant was arrested on Monday morning and imprisoned until Tuesday morning, when a continuance was granted the people.   On Wednesday, at 2 o'clock, the prisoner, together with four other Salvation Army soldiers imprisoned for the same cause, was taken before Judge M. F. Tuley of the Circuit Court of Cook County, on habeas corpus proceedings, and by him discharged.   An action in trespass for false imprisonment was brought by her against both Hartung and the justice of the peace.

As to the defendant, Hennessey, the court instructed the jury to bring in a verdict in his favor, which the jury did, making no mention of Hartung.

Appellant prayed for and was allowed an appeal from the judgment entered by the court for appellee.

POPE & SMALL, attorneys for appellant.

MASTERSON & HAFT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

No judicial person, whether a chancellor sitting in a court of equity, a judge of a common law court of record, a justice of the peace, or other inferior magistrate, member of a court martial, or juror, who is a part of the court, is, for any judicial act within his jurisdiction, however erroneous or mistaken, answerable in a civil suit to a party aggrieved. Bishop on Non-Contract Law, Secs. 771, 781; Cooley on Torts, Second Ed., 472; Webb's Pollock on Torts, 138–327; Am. Ed. of Addison on Torts, Sec. 883; Am. & Eng. Ency. of Law, Vol. 12, p. 33.

The only distinction in this respect between judges of courts of superior and inferior jurisdiction is that, in the case of the latter, the jurisdiction must be made to appear.   In the present case it appears that the justice of the peace had jurisdiction over the subject-matter, and also as to the person concerning whom he acted.   Appellee is, therefore, not liable for a mistake, if any there was, in the form of the warrant issued by him.

The judgment of the Superior Court is affirmed.

GARY, J.

We ought not to go into the merits of this case.

The abstract shows that the appellant proceeded below upon the arrest as the trespass complained of (with the previous interview in the street, Hennessey had no connection), and the appellant could not pursue two jointly for a separate trespass by one.

The abstract does not show who made the complaint, nor who issued the warrant that was put in evidence, and therefore does not show that either of the defendants below had any connection with the arrest. The fact that the appellant was taken before Hennessey is no proof that he issued the warrant, as that may have been done under Sec. 349, Ch. 3, Div. 7, of the Criminal Code; Ch. 38 Hurd R. S., 1895. Sec. 164, Ch. 79, same edition, does not give a justice exclusive jurisdiction of the offense charged. Hankins v. People, 106 Ill. 628; Kennedy v. People, 122 Ill. 649.

We are under no duty to look beyond the abstract for the facts of a case. Chapman v. Chapman, 129 Ill. 386; Chicago, Peoria & St. Louis Ry. v. Wolf, 137 Ill. 360.

The verdict disposing of the case as to Hennessey, without mention of Hartung, was an end of the case as to him. Wilderman v. Sandusky, 15 Ill. 59.

The principle of that case is not affected by which way the verdict may be as to the defendant named in it.