## J. O. COMSTOCK v. WM. L. EAGLETON.

(Filed July 16, 1902.)

1. CASE-MADE—Notice—Waiver. Where the certificate of the judge, who settled and signed the case-made, affirmatively shows that the same was submitted to him to be settled and signed by the parties to the cause, at a time and place different from that named in the notice, no objection appearing in the record, and no showing made in this court to the contrary, the notice required will be presumed to have been waived.

2. PROBATE JUDGE—Liability for False Imprisonment. A probate judge in passing and rendering judgment in a bastardy case pending in his court acts judicially and is not amenable to a civil action for false imprisonment, though the judgment was erroneous, and in rendering such judgment he erroneously exceeds the jurisdiction of his court.

3. MINISTERIAL ACTS PROTECTED. A probate judge issuing a commitment carrying into effect, and supported by a judgment of his court, having jurisdiction of the person and of the subject-matter, will be protected against a civil action for damages for false imprisonment under such commitment.

(Syllabus by the court.)

*Error from the District Court of Pawnee county; before Bayard T. Hainer, Trial Judge.*

*C. J. Wrightsman,* for plaintiff in error.

*Lewis P. Mosier* and *A. J. Biddison,* for defendant in error.

### STATEMENT OF FACTS.

Action by J. O. Comstock against Wm. L. Eagleton for false imprisonment. Judgment for defendant upon demurrer to petition, dismissing action, and for costs. Plaintiff here

by petition in error for review. The facts will more fully appear in the opinion.

Opinion of the court by

BEAUCHAMP, J.: The defendant on the 3rd day of June, 1902, filed a motion in this court to strike from the files the case-made, and to dismiss the petition in error, for the reason that the record affirmatively shows that the case-made was not settled and signed as required by law, the order of the district judge or the notice served upon the defendant's attorney.

The record discloses that upon the rendition of the judgment herein, on the 16th day of November, 1900, on application, the district court ordered that the plaintiff be given twenty days to make and serve a case-made, the defendant five days to suggest amendments thereto, and that the case be settled on three days' notice in writing by either party. The case-made was served upon the defendant's attorney on November 19, 1900. On the 23rd day of October, 1901, the plaintiff's attorney served notice in writing upon the defendant's attorney, that on the 26th day of October, 1901, at nine o'clock a. m., or so soon thereafter as counsel could be heard, he would apply to the judge at his chambers in the city of Perry, Noble county, to settle and sign the case-made. The certificate of the judge certifies:

"That the case-made and amendments thereto have been duly served in due time, and the amendments thereto duly suggested, and the same was duly submitted to me for settlement and signing, as required by law, by the parties to said cause.   *   *   *

"Witness my hand at the city of Newkirk, Noble county,
 * * the 25th day of October. 1901."

Where the certificate of the judge, who settled and signed the case-made, affirmatively shows that the same was submitted to him to be settled and signed by the parties to the cause at a time and place different from that named in the notice, no objections appearing in the record, and no showing made in this court to the contrary, the notice will be presumed to have been waived. The motion is overruled.

The plaintiff commenced this action in the district court of Pawnee county to recover damages for false imprisonment in the sum of $5317.50, and in his amended petition, for cause of action, alleges:

"First: That the said defendant is now, and was at all the times hereinafter named, the duly qualified and acting probate judge within and for Pawnee county, Oklahoma territory.

"Plaintiff further states that on the 7th day of February, 1900, the probate court in and for Pawnee county, Oklahoma territory, in which the defendant, William L. Eagleton, was then and there sitting and acting as the sole presiding judge thereof, rendered a judgment against the plaintiff in a certain bastardy proceeding then pending in the said probate court of the county of Pawnee, and Territory of Oklahoma, wherein the territory of Oklahoma was plaintiff and J. O. Comstock was defendant, by the terms of which judgment, amongst other things, the said court ordered that J. O. Comstock be remanded to the custody of the sheriff of Pawnee county, Oklahoma, to be by him committed to the common jail of Pawnee county, O. T., until the costs of said prosecution, in the sum of $104.20, be paid, and until the said J. O. Comstock should furnish a bond to the Territory of Oklahoma, with good and sufficient sureties, to be approved by the judge

of the probate court of Pawnee county, Oklahoma territory, providing that the said J. O. Comstock should pay the sum of $5 per month, on the first day of each and every month, commencing on the first day of March, 1900, for each and every month thereafter for the term of four years. (A copy of the judgment is attached to the petition as an exhibit.)

"Plaintiff further states that on the 9th day of February, 1900, the said defendant, Eagleton, issued a warrant of commitment to T. M. Grant, as the sheriff of Pawnee county, Oklahoma, upon said judgment above named."

Then follows the commitment which recites the charge in the complaint in the probate court, the arraignment, plea of the defendant, trial, verdict of the jury, sentence and judgment of the court, and commands the sheriff of Pawnee county "to safely keep said J. O. Comstock until the bonds above mentioned are duly made and approved by the judge of the probate court and until he pay the costs of the prosecution, or until he shall be discharged therefrom by due process of law."

"And plaintiff further states that under and by virtue of said order of commitment to the said sheriff of Pawnee county, Oklahoma, the said defendant Eagleton did therein and thereby request, direct, instigate, cause and procure the said J. O. Comstock to be imprisoned and deprived of his liberty by the said sheriff of Pawnee county, Oklahoma, who, under the said order of commitment, on the 9th day of February, 1900, took the plaintiff into his custody, and unlawfully and with force, and without any authority of law, kept detained and imprisoned him for the space of 117 days immediately following said date. That the said warrant of commitment issued by the said Eagleton as probate judge aforesaid is void on its face; and that for no other cause was said J. O.

Comstock imprisoned and restrained of his liberty than that set forth in said commitment." (Then follows allegations of damages.)

The defendant demurred to the petition for the reason that the same does not state facts sufficient to constitute a cause of action. The court, upon consideration, sustained the demurrer, and the plaintiff electing to stand on his petition, dismissed the action and adjudged the costs to the plaintiff, to which action and judgment of the court the plaintiff excepted, and brings the cause here by petition in error for review.

It is admitted by plaintiff in error, in his brief, that in the case complained of, the probate court of Pawnee county, of which defendant in error was, at the time, the presiding judge, had jurisdiction both of the subject-matter and of the person of the defendant; that the trial of said cause was conducted in strict conformity to law; and that the judgment rendered therein was valid and binding, except that portion thereof which reads: "It is a further order of the court that the defendant, J. O. Comstock, be remanded to the custody of the sheriff of Pawnee county, Oklahoma territory, to be by him committed to the common jail of Pawnee county until the bonds above mentioned are made and approved , and the costs of the prosecution paid." This, he contends, was in excess of the jurisdiction of the probate court, therefore void, and that a commitment issued thereunder was without authority and void.

Under what circumstances can a judge of the probate court be held liable to a civil action for damages for an act done by him in his capacity as judge? Nothing is more

essential and important than that the judiciary shall be independent. Every judge should feel perfectly free to follow the dictates of his own judgment; and the one thing essential to that independence is that they shall not be exposed to a private action for damages for anything that they may do in their official capacity. No judge would feel free if he knew that upon the rendition of a judgment or order that he might be subjected to a suit by the defeated party, and in the event that it should be held erroneous, and that he had mistakenly exceeded his jurisdiction and powers in some particular, be mulcted in damages.

In this case it is admitted that the probate court had jurisdiction of the subject-matter of the action and of the person, and that the trial of the cause was conducted in strict conformity to law, but that the court erroneously exceeded its jurisdiction in one particular, and, therefore, that the judge should be held liable in damages for the execution thereof.

In the case of *Randall v. Brigham,* 7 Wall. 535, the court says: "Now it is a general principle applicable to all judicial officers, that they are not liable to a civil action for any judicial act done within their jurisdiction."

In the case of *Bradley v. Fisher,* 13 Wall. 335, the court held that judges of courts of record, of superior or general jurisdiction, are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. These causes are cited and approved by Brewer, J., in *Cooke v. Bangs,* 31 Fed. Rep. 643; and it is said that the rule that justices, as well as all other judicial officers, are exempt from liability to an action for damages for acts done within their

jurisdiction, is made clearer by the dissenting opinion of Mr. Justice Davis, with whom concurred Mr. Justice Clifford:

" 'I agree that judicial officers are exempt from responsibility in a civil action for their judicial acts in respect to matters of controversy within their jurisdiction.    I agree further, that judges of superior or general authority are equally exempt from liability, even when they have exceeded their jurisdiction, unless their acts complained of were done maliciously or corruptly.    But I dissent from the rule laid down by the majority of the court, that a judge is exempt from liability in a case like the present where it is alleged, not only that his proceeding was in excess of jurisdiction, but that he acted maliciously and corruptly'."

In this case a distinction is drawn between a case where a justice of the peace is acting simply in excess of his jurisdiction, and one in which he attempts to act in respect to a subject-matter of which he clearly has no jurisdiction.    And it is said:

"A distinction must be here observed between excess of jurisdiction and a clear absence of all jurisdiction over the subject-matter.    Where there is clearly no authority over the the subject-matter, any authority exercised is a usurped authority; and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible.    But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other question involved in the case, although upon the correctness of his determination in these particulars the validity of his judgment may depend * * * * *.    Indeed, some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner

in which the jurisdiction shall be exercised. And the same principle of exemption from liability which obtains for errors committed in the ordinary prosecution of a suit where there is jurisdiction of both subject and person, applies in cases of this kind, and for the same reasons."

Many more authorities might be cited holding the same rule, but we deem it unnecessary. The probate court in this case not only had the power and jurisdiction to require the defendant to secure the performance of the order of the court, but it was a duty. (Sec. 2986, Statutes 1893.)

The proceedings authorized in such class of cases are special proceedings, and, in many respects, in their nature criminal. The action is commenced upon a complaint duly verified; upon the filing of the complaint a warrant for the arrest of the accused shall be issued; the proceeding shall be entitled in the name of the territory; the county attorney is required to appear and prosecute; the issue to be tried shall be "guilty" or "not guilty." If a jury be demanded, the cause shall be continued, and the defendant may be admitted to bail. If the accused be found guilty, he shall be charged with the maintenance of the child, and the court shall require the defendant to secure the performance of the order.

Shall the defendant be discharged if he fails to give the bond to appear for trial? If committed to jail and upon trial is found guilty, and he fails to secure the performance of the order of the court, shall he then be discharged? Or shall he be committed until he has complied with the order of the court, or the court has, for sufficient reason, vacated the order or judgment as provided by sec. 2987, *supra?*

These are questions that the defendant as judge was called upon to decide, and until the decision of this court,

(*In re Comstock,* 10 Okla. 299), they had not been construed by this court. The defendant can not be called upon to answer in damages for error in judgment in a judicial construction of a statute, ambiguous as it is.

Probate judges, under the statutes of this territory, are made the clerks of their respective courts. (Statutes of Oklahoma, sec. A1576.)

The plaintiff in error in his brief says that his action is founded upon the "ministerial act of the defendant in issuing the commitment," and attempts to distinguish in that respect, and contends that the defendant is liable for issuing the commitment, even though not liable for rendering the judgment, for, in the one instance he acts judiciously, while in the other his acts are ministerial.

In the case of *Cook v. Bangs, supra,* the defendant was a justice of the peace, and adjudged the defendant in the original action guilty of contempt, upon a complaint alleging failure to sign an appearance bond, as required by the justice, in an action pending before him; the justice, without hearing any evidence, imposed a fine, and ordered that in default of payment that the defendant be committed to the county jail; the defendant refused to pay the fine; a commitment was issued by the justice, and the defendant imprisoned; he was taken before a court commissioner on a writ of *habeas corpus,* who, after due hearing, adjudged that the charge against the petitioner was false, sham, illegal and void, and fully acquitted and discharged the petitioner. That thereupon the justice issued a second commitment upon the same charge, and judgment as before, and defendant was incarcerated. Brewer, J., in the opinion, says:

"It is very doubtful whether this action of the justice was not in respect to a subject-matter over which he had no jurisdiction; and yet, while it is doubtful, I still think that the protection which should be accorded to him goes with him in that respect.

"The defendant in this case, in issuing this second warrant, I think, clearly acted erroneously. But the proceeding, although erroneous, was within the limits of a jurisdiction vested in him, for he had jurisdiction over the matter of contempt; and it seems to me that the public policy which requires an independent judiciary, compels that he should be held not amendable to a civil action for damages."

In *Downing v. Herrick,* 47 Me. 462, the court held:

"Since no action will lie against a justice of the peace for an error of judgment while acting judicially and within the scope of his jurisdiction, he cannot be held liable for issuing a mittimus, under which plaintiff was imprisoned, which was issued to make effective a judgment so rendered."

The defendant was required to determine whether the facts warranted the issuance of a commitment; the judgment so required; the commitment issued was fully supported by the judgment of the court having jurisdiction of the person and the subject-matter of the action, and was only to carry into effect the provisions thereof; certainly if the judge who rendered the judgment is exempt from liability, the officer who merely issues the process to carry into effect the judgment will be protected.

The judgment of the trial court sustaining the demurrer to the petition, dismissing the action with costs, under the facts in this case, is right and will, therefore, be affirmed.

Hainer, J., having presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.