# Lacey, *et al. v.* Hendricks.

### *False Imprisonment and Malicious Prosecution.*

(Decided Jan. 13, 1910.—51 South. 157.)

1. *Justices of the Peace; Liability for Official Acts.*—No action can be maintained against a justice of the peace on account of his judicial acts, however erroneous his decisions or malicious his motives.

2. *Same; Action on Bond; Complaint.*—A complaint against a justice of the peace and his official bond for false imprisonment and malicious prosecution which does not show that the justice was not acting judicially or that the acts complained of were not within his jurisdiction, is not sufficient.

3. *Criminal Law; Summary Trial; Effort of Appeal.*—Where an appeal is taken from the judgment of a justice of the peace imposing a conviction and sentence, the justice has no further authority except to certify the appeal, and a mittimus for the enforcement of the fine and costs is void.

[Lacey, et al v. Hendricks.]

4. *Fines; Enforcement of; Power of Justice.*—Where a defendant was convicted of a crime and sentenced to pay the fine during the month of August, the justice who imposed such sentence had no authority to sentence him to hard labor in the following October on his failure to pay such fine.

5. *Evidence; Conclusions.*—Although it was conceded that if an appeal bond was given, it was lost, it was not competent for a witness to state as a conclusion that an appeal bond was given, since it was a matter to be determined by the court as to whether the contents of the paper as testified to by the witness constituted such a bond.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action for malicious prosecution and false imprisonment by William Hendricks against C. M. Lacey and another. Plaintiff had judgment, and defendant appeals. Reversed.

The complaint was as follows (omitting the first four counts): (5) "Plaintiff claims of the defendant $1;000 damages, for that C. M. Lacey, while a justice of the peace in and for precinct 9, in Jefferson county, Alabama, did under cover of his said office unlawfully cause plaintiff to be arrested and imprisoned, against the will of plaintiff, for two days, to wit, on the 14th and 15th of October, 1907, on the charge of assault and battery. And plaintiff avers that at the time said C. M. Lacey procured plaintiff's arrest as aforesaid the said C. M. Lacey was qualified as such justice of the peace, and that the said C. M. Lacey as principal and the United States Fidelity & Guaranty Company as surety had prior to said time made and entered into an obligation payable to the state of Alabama in the sum of $1,000, which said bond or obligation is in words and figures as follows: (Here follows the usual justice of the peace bond.) And plaintiff avers that at the time said C. M. Lacey procured plaintiff's said arrest and imprisonment the said bond was in full force and effect. Plaintiff avers that the arrest and imprisonment of defendant was pro-

cured by the said C. M. Lacey without probable cause therefor, and was wrongfully and maliciously done." (6) "Plaintiff claims of defendant $1,000 damages, for that C. M. Lacey as principal, and the United States Fidelity & Guaranty Company as surety, did on the 3d day of January, 1907, make and enter into an obligation or bond payable to the state of Alabama in the sum of $1,-000, which bond or obligation is in words and figures as follows: (Here follows copy of the usual justice of the peace bond.) And plaintiff avers that while the said C. M. Lacey was qualified as such justice of the peace that he, acting under the color of his office, unlawfully caused plaintiff to be arrested and imprisoned, against plaintiff's will, on a charge of assault and battery for two days to wit, on the 14th and 15th of October, 1907. Plaintiff avers that the said arrest and imprisonment was caused by the said C. M. Lacey maliciously and wrongfully, and without probable cause therefor." (7) Same as 6, down to and including the words "against plaintiff's will," where they occur therein together, and adds the following: "By issuing an order of such justice of the peace which is in words and figures as follows: (Here follows mittimus to jailer of Jefferson county, directing him to receive William Hendricks into his custody and retain him until he is legally discharged under an order for the payment of the fine and hard labor for the costs, for the county for 60 days. This mittimus was dated October 7, 1907.) And by reason of such order the said C. M. Lacey caused the plaintiff to be arrested and imprisoned for two days, to wit, the 14th and 15th days of October, 1907." (8) Same as 6, down to and including the words "against plaintiff's will," and adds the following: "On the charge of having failed to pay the fine of $10 assessed against plaintiff by the said C. M. Lacey in a former trial for assault

and battery in the court of said C. M. Lacey, from which verdict of said Lacey plaintiff having appealed to the criminal court of Jefferson county, Alabama, by reason of such order from the said C. M. Lacey, plaintiff was arrested and imprisoned for two days, to wit, October 14th and 15th." (9) Same as the sixth count, down to and including the words "acting under color of his office," and adds the following: "Violated the condition of the said bonds or conditions by unlawfully causing plaintiff to be arrested and imprisoned, against plaintiff's will, on the charge of assault and battery, for two days, the 14th and 15th days of October, 1907." (10) same as the sixth count, down to and including the words "acting under color of his office," and adds the following: "Violated the condition of said bond or obligation and breached the condition of the same by causing the plaintiff to be arrested and imprisoned, against plaintiff's will, on a charge of assault and battery, for two days, to wit, the 14th and 15th days of October, 1907. And plaintiff avers that by reason of said arrest and imprisonment he was put to great expense in hiring attorneys and for legal service for the purpose of getting plaintiff discharged from such imprisonment, and it was necessary to take out habeas corpus proceedings for the purpose of discharging plaintiff, and plaintiff lost much time from his daily employment by reason of said imprisonment."

The demurrers to the fifth count were as follows: "That at the time said plaintiff was arrested and imprisoned the said Lacey was a judicial officer, and was acting in his judicial capacity at the time said plaintiff was arrested and imprisoned. It is not averred in said count wherein any of the conditions of the bond made by the defendant and his sureties have been breached, nor that the said C. M. Lacey had failed to faithfully

discharge the duties of his office." To the sixth count, same as to the fifth. To the seventh same as to the fifth, with this additional demurrer: "That the mittimus as set out in the seventh count shows that the said Lacey was acting in his judicial capacity at the time the same was issued." To the eighth and ninth counts, same demurrers as to the fifth count; also the same demurrers to the tenth count.

The eleventh count was as follows: "Plaintiff claims of the defendant $1,000 damages for maliciously and without probable cause therefor arresting and imprisoning the plaintiff, or causing the plaintiff to be arrested, on a charge of assault and battery for, to wit, two days, October 14th and 15th, 1907. Plaintiff avers that at that time the said C. M. Lacey was a duly qualified and acting justice of the peace for precinct 9, in Jefferson county, Alabama; that before entering upon the duties of the said office, he, together with the United States Fidelity & Guaranty Company, a surety company, entered into the following official bond: (Here follows copy of the usual justice of the peace bond.) And plaintiff avers that while the said C. M. Lacey was qualified as such justice of the peace that he, acting under color of his said office, unlawfully and without probable cause therefor caused plaintiff to be arrested and imprisoned, against plaintiff's will, on a charge of assault and battery, for two days, to wit, the 14th and 15th days of October, 1907. Plaintiff further avers that in August, 1907, he was arrested and brought before the said C. M. Lacey on the charge of assault and battery; that a trial was had, and a judgment of conviction entered against plaintiff; that on the very day of said judgment, and in open court, the plaintiff took an appeal from the said judgment to the criminal court of Jefferson county, and made a bond for said appeal as

provided by law, which appeal bond was indorsed 'Approved,' and the said court no longer had jurisdiction thereof. Plaintiff further avers that on, to wit, the 7th day of October, 1907, the said C. M. Lacey, under pretense that no appeal had been taken, and under color of his office as justice of the peace, wrongfully and maliciously issued a warrant or mittimus directed to the jailer of Jefferson county, as follows: (Here follows mittimus as set out above.) Plaintiff avers that by reason of said wrongful imprisonment he was greatly injured in his feelings, was deprived of his liberty, and was compelled to sue out a writ of habeas corpus, to get relieved of said imprisonment, and was greatly humiliated and suffered great mental anguish by reason of said imprisonment. Wherefore he sues."

The following demurrers were filed to count 11: "(1) That there is a misjoinder of counts. (2) That counts 5, 6, 7, and 8 are actions ex contractu, and that count 11 is an action ex delicto. (3) That said count 11 avers that said defendant C. M. Lacey was a justice of the peace at the time he issued the mittimus referred to in said count. (4) For that it is averred in said count that the plaintiff was arrested and brought before the said C. M. Lacey on a charge of assault and battery; that a trial was had, and a judgment of conviction entered against the plaintiff, and, although it is averred that an appeal was taken, nevertheless it was within the jurisdiction of the justice of the peace to issue a mittimus, for which no civil suit for damages against him can be maintained. (5) For that it appears that at the time the mittimus was issued the said C. M. Lacey was acting in his judicial capacity.

Bush & Bush, for appellant.—Counsel discuss assignments of error seriatum, but without citation of authority.

C. B. Powell, for appellee.—Although it is a fact that a judicial officer cannot be held liable in damages for acts done in his official capacity yet, it is equally true that a judicial officer who wrongfully does an act to the injury of another person in a case where he has no jurisdiction is liable for damages, and that his bondsmen by virtue of the statute are equally liable.—*Cheney v. Nathan*, 110 Ala. 254; *Kelly v. Moore*, 51 Ala. 364; *Crosthwait v. Pitts*, 139 Ala. 421; *McLendon v. Am. F. L. M. Co.*, 119 Ala. 518; 6 A. & E. Ency. of Law, 614.

EVANS, J.—It is settled law in this jurisdiction that no action can be supported against a justice of the peace, acting judicially, and who has not exceeded his jurisdiction, however erroneous his decision or malicious his motive.—*Irion v. Lewis*, 56 Ala. 190, 197; *Heard v. Harris*, 68 Ala. 43; *Coleman v. Roberts*, 113 Ala. 323, 331, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; *Crosthwait v. Pitts*, 139 Ala. 421, 424, 36 South. 83. It cannot be determined, upon the averments of counts 5, 6, 7, 8, 9, and 10, that the justice was not acting judicially, and that the act complained of was not within his jurisdiction. Therefore, without further noticing other defects in them, the court holds that those counts are open to the demurrer filed to them.

The eleventh count of the complaint shows that plaintiff was tried and convicted of an assault and battery before defendant Lacey in August, 1907. It also shows that, notwithstanding an appeal was perfected on the day of the conviction by the plaintiff in this cause to the criminal court, yet on October 7, 1907, the justice (Lacey) sentenced plaintiff to hard labor for failure to pay the find, and issued a mittimus to the sheriff commanding him to take the plaintiff into his custody and

hold him until discharged by law. Now, after the appeal was perfected, the cause was removed from the justice's jurisdiction absolutely, and he had no power or authority to take any further steps in that case than to certify or send the papers to the criminal court. Moreover, even if no appeal had been taken, the justice was, on the 7th of October, without jurisdiction to sentence plaintiff to hard labor because he was in default of the payment of a fine assessed against him upon his conviction at a trial in the month of August.—*Ex parte State, in re Newton,* 94 Ala. 431, 10 South. 549. Therefore the issuance of the mittimus based upon that sentence was an act without the power or jurisdiction of the justice, and without support or authority of the law. Whilst count 11 may be, and doubtless is, subject to demurrer, yet the demurrer leveled at it is inapt.

If objection had been timely and properly made to the testimony of witness Powell, that Judge Greene remarked that "somebody was liable for false imprisonment," such objection should, and doubtless would, have been sustained by the trial court. But the manner in which this matter is presented by the bill of exceptions prevents this court from reviewing it.

The court committed reversible error in allowing the question to witness Collins Johnson, "Did or not plaintiff give an appeal bond?" etc. Whether or not an appeal bond had been given was a contested issue, and while it was conceded that, if such bond was given, the original was lost, it was not competent for a witness to state as a conclusion, that an appeal bond was given. He might very properly have been allowed to state the contents of the paper, and then it would have been for the court's determination as to whether such contents as the witness testified to constituted an appeal bond.

For the errors pointed out, the judgment of the circuit court must be reversed, and the cause will be remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

The foregoing opinion was prepared by Justice Denson before his retirement as Associate Justice, and, having been adopted in consultation, is now announced as the opinion of the court.