## FLINT v. LONSDALE.

No. 2883. Opinion Filed November 25, 1913.

Rehearing Denied February 17, 1914.

(139 Pac. 268.)

1. **FALSE IMPRISONMENT—Judicial Officer—Liability for Official Acts—Damages.** A judicial officer will not be held liable in a civil action for false imprisonment for an erroneous exercise of judicial power, nor for acting in excess of his jurisdiction, where he has jurisdiction over the person and subject-matter, where he has not acted maliciously and corruptly.

2.      **SAME—Liability of Justices of the Peace.** A justice of the peace or judge of an inferior court is no more liable in an action for damages for false imprisonment, where he has acted erroneously, though in good faith, in determining some issue before him, or where he has acted in mere excess of jurisdiction, than are judges of superior courts.

(Syllabus by Harrison, C.)

*Error from District Court, Creek County;*
*D. A. McDougal, Special Judge.*

Action by E. F. Lonsdale against J. L. Flint and others, for false imprisonment. Judgment for plaintiff against defendant Flint, and Flint brings error. Reversed.

*Wm. Cheatham,* for plaintiff in error.

*S. H. Sornberger,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the district court of Creek county, March, 1910, by E. F. Lonsdale against J. L. Flint, as justice of the peace, and W. N. Ellis, as sheriff, and J. O. Hereford and H. C. King, as deputies, for an alleged false imprisonment. The defendant, J. L. Flint, as justice of the peace, had imposed a jail sentence of ten days and fine of $50 upon Lonsdale for an act of contempt committed in the court's presence in open court. The defendant peace officers executed the commitment. Upon application for writ of *habeas corpus* Lonsdale was discharged, on the grounds that the penalty imposed was beyond the jurisdiction of the justice, the fine imposed being $50, while the statutes, section 6471, Comp. Laws 1909, limit the amount of fine which may be imposed by a justice of the peace for contempt to $20. After being discharged in the *habeas corpus* proceedings plaintiff brought this action. The cause was tried in May, 1911, resulting in a discharge of the defendant peace officers and a verdict and judgment against the justice of the peace, J. L. Flint, for $250, and from such judgment the case comes here.

The material question involved is whether a judicial officer is liable in a civil action for damages for erroneous exercise of judicial power. In the case at bar the justice of the peace had

jurisdiction over the subject-matter and over the person of the defendant in the contempt proceedings. Under sections 6470, 6471, 6472, Comp. Laws 1909, justices of the peace are given jurisdiction in certain contempt proceedings. The alleged acts of contempt took place in the presence of the court and while the court was in session. The court, therefore, had jurisdiction over the subject-matter and the person of the defendant. The real question involved is whether he should be held civilly liable for exceeding his authority in the fine imposed and for an error in judgment as to whether defendant was entitled to further hearing in the contempt proceedings. The line of authorities, therefore, which have held judges of inferior courts liable for acting where they had no jurisdiction, and where they have acted maliciously and corruptly, is not in point nor applicable to the issues involved in this case. The question as to whether or not the justice of the peace in the case at bar acted maliciously and corruptly was not made an issue in the trial of the cause, and it may be observed, in this connection, that most, if not all, of the decisions holding a justice of the peace liable in such cases, refer to the two terms "maliciously" and "corruptly" conjunctively. We have been unable to find a single decision which has held the court liable on the sole issue of malice, nor have we been able to find a case where a superior court was held liable for what the courts have been pleased to term "a mere excess of jurisdiction." That is, cases where they clearly had jurisdiction of the subject-matter and of the person of the defendant, but merely exceeded their limit of authority in imposing the fine or imprisonment, or acted erroneously in some other exercise of judicial powers, where no malice and corruption were made an issue. Formerly there was a disposition on the part of courts in some jurisdictions to be more severe with courts of inferior than with courts of superior jurisdiction in holding them liable for erroneous judicial acts, but in the case of *Thompson v. Jackson,* reported in 93 Iowa, 376, 61 N. W. 1004, 27 L. R. A. 92, the Supreme Court of Iowa, in a well-considered case involving this question, after quoting many authorities against the rule, concludes:

"We might cite many other protests and criticisms by courts and text-writers condemning the rule, but it is not necessary to do so. The current of legal thought is that the distinction is unreasonable, unjust, illogical, and ought not to obtain."

The Iowa court reached this conclusion after having concluded that from the great weight of authorities and best-considered cases, judges of superior courts had been held to be not liable for an erroneous exercise of judicial powers, using the following language:

"It is a well-established general rule that judges of superior courts and courts of general jurisdiction, when acting within the scope of their jurisdiction, are not liable, however erroneous or wrongful their acts may be" (citing *Bradley v. Fisher,* 13 Wall. 335, 20 L. Ed. 646; Cooley on Torts, 472-474; Bishop, Noncontract Law, secs. 781-784).

The rule in *Bradley v. Fisher, supra,* is followed in *Lange v. Benedict,* 73 N. Y. 12, 29 Am. Rep. 80. Also in *Austin v. Vrooman,* 128 N. Y. 230, 28 N. E. 477, 14 L. R. A. 138, a case identical in principle with the law, and very like the question of fact, in the case at bar, the same line of authorities is followed.

One of the latest and best-considered cases on the subject is the case of *Broom v. Douglass,* decided by the Supreme Court of Alabama in February, 1912, and reported in 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, wherein the court makes an exhaustive review of the authorities on all the different phases of liability of judicial officers, saying:

"We deduce from approved authorities the following principles as pertinent to the present case:

"(1)  1. The judge of a court of superior or general jurisdiction is not liable for any judicial act in excess of his jurisdiction which involves a present or previous affirmative decision of the fact of his jurisdiction, even though such decision is wholly erroneous, provided there is not a clear absence of all jurisdiction. *Busteed v. Parsons,* 54 Ala. 393, 25 Am. Rep. 688; *Bradley v. Fisher,* 13 Wall. 335, 20 L. Ed. 646 (leading case); *Yates v. Lansing,* 9 Johns. (N. Y.) 395, 6 Am. Dec. 290; *Lange v. Benedict,* 73 N. Y. 12, 29 Am. Rep. 80.

"2.  The fact that such judge acts maliciously or corruptly in such cases does not render him liable. *Busteed v. Parsons;*

*Bradley v. Fisher, supra;* 19 Cyc. 333; note to *Lacey v. Hendricks,* 137 Am. St. Rep. 47.

"(2)    3. *A fortiori,* the judge of a court of inferior or limited jurisdiction is liable when he acts without a general jurisdiction of the subject-matter, even though his act involves his decision, made in perfect good faith, that he has such jurisdiction.

"(3) 4. When such judge acts fully within his jurisdiction, *i. e.,* when he has jurisdiction of the subject-matter, and has also acquired jurisdiction of the person in the particular case, he is not liable, though he act both maliciously and corruptly. *Irion v. Lewis,* 56. Ala. 190; *Heard v. Harris,* 68 Ala. 43; *Coleman v. Roberts,* 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; *Woodruff v. Stewart,* 63 Ala. 206; *Lacey v. Hendricks,* 164 Ala. 280, 51 South. 157, 137 Am. St. Rep. 45.

"(4) 5. When such judge acts judicially with respect to a subject-matter of which he has a general jurisdiction, but in the particular case he· has acquired no jurisdiction of the person affected, he is not liable if the act involves his present or previous affirmative decision that he has jurisdiction of such person and authority to proceed in the particular case, provided: (1) a colorable case has been presented to him which fairly calls for or permits the exercise of his judgment with respect thereto; and provided (2) he has determined in good faith, without malice or corruption. that the case presented calls for the exercise of his general jurisdiction. *Grove v. Van Duyn,* 44 N. J. Law, 654, 43 Am. Rep. 412 (leading case); *Rush v. Buckley,* 100 Me. 322, 61· Atl. 774, 70 L. R. A. 464, 4 Ann. Cas. 318; *McCall v. Cohen,* 16 S. C. 445, 42 Am. Rep. 641; *Bell v. McKinney,* 63 Miss. 187; *Gardner v. Couch,* 137 Mich. 358, 100 N. W. 673 [101 N. W. 802], 109 Am. St. Rep. 684; *Smith v. Jones,* 16 S. D. 337, 92 N. W. 1084; *Thompson v. Jackson,* 93 Iowa, 376, 61 N. W. 1004, 27 L. R. A. 92; *Robertson v. Parker,* 99 Wis. 652, 75 N. W. 423, 67 Am. St. Rep. 889; *Calhoun v. Little,* 106 Ga. 336, 32 S. E. 86, 43 L. R. A. 630, 71 Am. St. Rep. 254; *Stewart v. Hawley,* 21 Wend. (N. Y.) 552; *Landt v. Hilts,* 19 Barb. (N. Y.) 283; *Ayers v. Russell,* 50 Hun, 282, 3 N. Y. Supp. 338; *Bocock v. Cochran,* 32 Hun (N. Y.) 523; *Harman v. Brotherson,* 1 Denio (N. Y.) 537; *Gillett v. Thiebold,* 9 Kan. 427.

"We, of course, do not affirm that all of these cases have elaborated the principle in precise terms.   Some of them have, and others clearly illustrate its operation."

But aside from the decisions of other jurisdictions, our own court in *Combstock v. Eagleton,* 11 Okla. 487, 69 Pac. 955, in a

case involving the same principle of law, held that a court is not amenable to a civil action for false imprisonment, although the judgment was erroneous, and in rendering such judgment he exceeds the jurisdiction of his court. This being a rule of this court, and being supported by such an array of authorities, were we so disposed, we would not feel authorized to depart from the rule. In the case at bar, when the defendant was brought before the court for contempt, committed some hours previous, and which consisted of boisterous talking, gestures and cursing in open court, and in striking the justice in the face with his fist when the justice undertook to remonstrate with him or to make him desist, and informed that he had been fined for contempt, the question whether he was entitled to further hearing was a question requiring the exercise of judicial powers, and, under the rule in the foregoing authorities, the court was not liable for the exercise of judicial powers on such issue, although his judgment may have been wholly erroneous. However, there was an issue as to whether he was granted a hearing in the contempt proceedings. Such issue was submitted to the jury, and the jury seemed to have found from the evidence that the defendant had not been given such hearing as the law requires. We are not undertaking to say whether or not the jury was wrong. They determined such issue from the evidence before them, and may have been correct; but, under the rule followed in the foregoing authorities, even this would not render the justice civilly liable, because, as stated above, the question of defendant's right to further hearing under the circumstances of the case was a question which required the justice to judicially decide; and, although he may have decided erroneously, the law will not hold him liable.

The judgment, therefore, is reversed.

By the Court: It is so ordered.