## *Ex parte* WAUGH.

No. 5678.    Opinion Filed December 9, 1913.

(137 Pac. 105.)

**HABEAS CORPUS — Commitment of Witness — Sufficiency of Order.**
Every order of commitment to prison of a witness by a court or officer must specify particularly the cause of arrest or commitment, and, when the commitment is for the refusal to answer a question, such question must be stated in the order.
　　(a)   When such mandatory provision under the statute is not complied with, the prisoner will be discharged.

(Syllabus by the Court.)

Original action in *habeas corpus* by Leroy E. Waugh. Petitioner discharged.

*Joseph Wisby* and *C. G. Horner,* for petitioner.

*Dale & Bierer* and *Devereux & Hildreth,* for respondent.

WILLIAMS, J.   The petitioner as plaintiff brought an action for damages against the Guthrie Gas, Light, Fuel & Improvement Company for injuries alleged to have been received on account of an explosion, which occurred during the year 1907. The action for damages was commenced three years and three months after the injury. The defendant served the usual notice on plaintiff to take depositions of witnesses before the county judge of Logan county, and thereafter subpœnaed plaintiff, and the plain-

tiff, refusing to testify, was adjudged guilty of contempt, and committed to the county jail until he purged himself of contempt. The petitioner seeks to be enlarged from said imprisonment.

The commitment under which the petitioner was imprisoned is as follows:

"Now, on this 13th day of October, 1913, comes on for consideration the judgment of the judge of the county court of Logan county, state of Oklahoma, in the matter of the contempt proceedings against Leroy E. Waugh, and thereupon the court adjudged said defendant guilty of contempt in refusing to answer proper questions submitted to said Leroy E. Waugh while a witness before said judge in the taking of deposition in the case of Leroy E. Waugh against Guthrie Gas, Light, Fuel & Improvement Company pending in the district court of Logan county, Oklahoma, and, the said Leroy E. Waugh refusing and failing to answer questions propounded to him as a witness as aforesaid, it is by the court adjudged that the said Leroy E. Waugh is in contempt of said court, and that the said Leroy E. Waugh pay a fine in the sum of twenty ——— ($25.00) dollars, and stand committed to the county jail of Logan county, Oklahoma, until such time as he shall show to the judge of the county court of Logan county, Oklahoma, that he will answer all questions propounded to him in said matter which the court shall direct him to answer, and the sheriff of said Logan county, Oklahoma, is hereby directed to take charge of the said Leroy E. Waugh and place him in the county jail of Logan county, there to remain until the fine of twenty-five ($25.00) dollars herein imposed be. paid, and the said Leroy E. Waugh purges himself of said contempt as in the manner herein imposed."

Section 5061, Rev. Laws 1910, provides:

"Every attachment for the arrest, or order of commitment to prison of a witness by a court or officer, pursuant to this article, must be under the seal of the court or officer, if he have an official seal, and must specify, particularly, the cause of arrest or commitment; and if the commitment be for refusing to answer a question, such question must be stated in the order. Such order of commitment may be directed to the sheriff, coroner or any constable of the county where such witness resides, or may be at the time, and shall be executed by committing him to the jail of such county, and delivering a copy of the order to the jailor."

This language is mandatory in its terms.

Section 5256, vol. 2, 6th Ed. Bates Annotated Ohio Statutes, is identical with said section 5061. *In re Turner,* 8 Nisi Pruis & Gen. T. Rep. 241, 11 Ohio S. & C. P. Dec. 251, the court inclined to the view that it should consider alone the order of commitment in determining whether the petitioner should be discharged when the commitment did not comply with said section.

In *Ex parte Woodworth,* 6 Ohio S. & C. P. Dec. 19, it is said:

"The order of commitment sets out the question which the petitioner refused to answer. But in the order there is nothing showing whether or not the questions were competent—were, in other words, such questions as the petitioner might lawfully be ordered to answer. Section 5256 requires that the order of commitment must specify particularly the cause of commitment, and, if the commitment is for a refusal to answer a question, such question must be stated in the order. The order in this case sets out the questions; but does it 'specify particularly the cause of the commitment?' When a witness refuses to answer, the cause of the commitment is a refusal to answer when lawfully ordered. He cannot be lawfully ordered * * * unless the question put to him is pertinent and relevant to the issue in the case. To specify particularly the cause of the commitment in such case, the order must show that the witness refused to answer a pertinent and relevant question, and to do that it should set out facts enough to make it appear on the face of the order that the question asked was pertinent and relevant. In [*Ex parte Zeehandelaar*] 71 Cal. 238 [12 Pac. 259], it was held that a commitment for contempt in refusing to answer a question must state facts sufficient to show the pertinency and relevancy of the question. In [*In re Sims*] 4 Ohio Dec. 473, it was held that, to commit a witness for contempt in refusing to bring books and papers under a subpœna *duces tecum,* it should appear from the *mittimus* that the book or paper contains evidence pertinent to the issue."

The petitioner in that case was discharged on account of the defects in the order of commitment.

Counsel for respondent insist that the petitioner should be remanded in order that a commitment containing the questions propounded might be issued. If this were a case where the petitioner stood convicted by a verdict of a jury, and the court had made a sentence that was voidable, this might be the proper prac-

tice.   In cases of contempt where a mandatory statute requires the question propounded to be set out in the order of commitment, and such is not done, the commitment being void, the prisoner must be discharged.

All the Justices concur.