### WAUGH v. DIBBENS et al.

No. 7424—Opinion Filed July 11, 1916.

Rehearing Denied Oct. 31, 1916.

(160 Pac. 589.)

1. **Depositions—Refusal to Testify—Punishment—Power of Court.**

A judge of the county court, while taking depositions, has power to commit a witness for contempt for refusing to answer a material question.

2. **Judges—Liability—Judicial Acts.**

An action will not lie against a judicial officer for a judicial act, where there is jurisdiction of the person and the subject-matter, although it be alleged and proved that such act was done maliciously, or even corruptly.

3. **Same.**

The same protection extends to judges of courts of inferior and limited as to those of general jurisdiction; the law exempts all judicial officers alike.

4. **Attorney and Client—Liabilities of Attorneys—Good Faith.**

Attorneys at law, in the exercise of their proper functions as such, are not liable for their acts, if such acts are in good faith and pertinent to the matter in question.

(Syllabus by Rittenhouse, C.)

Error from District Court, Logan County; A. H. Huston, Judge.

Action by Le Roy E. Waugh against W. J. Dibbens and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Joseph Wisby and Milton Brown, for plaintiff in error.

Dale & Bierer and C. C. Smith, for defendant in error.

Opinion by RITTENHOUSE, C. Le Roy E. Waugh brought an action against the Guthrie Gas, Light, Fuel & Improvement Company for injuries alleged to have been received on account of an explosion. After the petition was filed the defendant served notice to take depositions before Hon. J. C. Strang, judge of the county court of Logan county, at which hearing the plaintiff, Le Roy E. Waugh, was sworn as a witness and testified to certain matter. When asked as to the name of the physician, living in Missouri, who attended him during his injuries, he refused to testify, whereupon Frank Dale, attorney for the company, requested and procured an order punishing him for contempt. The defendant was subsequently discharged by this court in Ex parte Waugh, 40 Okla. 188, 137 Pac. 105, wherein it was held that in cases of contempt, where a mandatory statute (section 5061, Rev. Laws 1910) requires that the question propounded be set out in the order of commitment, and such is not done, the commitment is void, and the prisoner should be discharged. On July 11, 1914, this action was brought against J. C. Strang, who was the judge of the county court of Logan county, and issued the commitment, Frank Dale, who was the attorney for the company, for whom the depositions were taken for use in the case of Le Roy E. Waugh v. Guthrie Gas, Light, Fuel & Improvement Company, and W. J. Dibbens, who was general manager of said company, asking judgment in the sum of $16,347, for an alleged false im-

prisonment, occasioned by his refusal to testify in the original action.

It is alleged that Frank Dale and W. J. Dibbens were present at the time the commitment was issued, advising, urging, soliciting, counseling, and procuring the court to cause the unlawful imprisonment, and that such wrongful acts were done willfully, knowingly, maliciously, wantonly, and oppressively on the part of said defendants. At the close of the evidence the court sustained the demurrer of J. C. Strang on the ground that he was acting in a judicial capacity at the time the commitment was issued, and within the jurisdiction conferred upon him by law. The court instructed the jury to return a verdict in favor of the remaining defendants, on the ground that the proof failed to establish a cause of action against them. The evidence offered by the plaintiff in the instant case, which would, in the least, connect W. J. Dibbens with this controversy, was that he was the manager of the Guthrie Gas, Light, Fuel & Improvement Company, that he was in the court room at the time the commitment was issued, and that prior to the taking of the depositions he had sworn to an affidavit stating that the depositions were being taken in good faith. This evidence was insufficient to constitute a cause of action for false imprisonment, and the court properly instructed the jury.

The argument contained in the brief of plaintiff in error does not refer to any particular assignment of error, but we gather from such brief that there are three questions for our determination: (1) In taking depositions under authority of section 5075, Rev. Laws 1910, does the judge of the county court take the depositions as a judicial officer with power to commit for contempt, or merely as a ministerial act? (2) Will an action lie against a judicial officer for false imprisonment where such officer acts within the scope of his judicial authority, even though it is alleged that such imprisonment was done willfully, knowingly, maliciously, wantonly, and oppressively? (3) Is an attorney at law, while acting in good faith, liable for damages for false imprisonment upon a showing that, while conducting a judicial hearing, he requested the court to punish a witness for contempt of court in refusing to answer a question which was material and pertinent to the issues involved in the suit?

We are asked to hold that the order committing the witness for contempt was without authority of law. Section 5075, Rev. Laws 1910, confers upon judges of courts of record authority to take depositions. Section 5057, Rev. Laws 1910, gives such officer power to punish a witness for contempt in refusing to answer as a witness, or to subscribe a deposition, when lawfully ordered. These identical sections were under consideration in 1898 in the case of Ex parte Abbott, 7 Okla. 78, 54 Pac. 319, wherein it was held that a judge of the probate court had power to punish for contempt a witness who refused to be sworn or to give his depositions. It is insisted that under section 1, art. 7, of the Constitution the judicial power of the state is vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions, or boards inferior to the Supreme Court as may be established by law, and therefore the judges of courts of record have no judicial powers, other than those mentioned in subsequent sections of the Constitution. In this argument we cannot agree. The wording of the Constitution is practically the same as section 9 of the Organic Act, which was construed in the Abbott Case. That section provided that the judicial power of the territory was vested in a Supreme Court, district courts, probate courts, and justices of the peace, and in construing that section this court held that such courts and the judges thereof were by the Organic Act vested with judicial power, and it was further held that where, by constitutional provisions, judicial power is vested in certain courts, the judges thereof may, by legislative enactment, be authorized to perform acts that are in their nature judicial.

The evidence offered by the plaintiff disclosed that the officer taking the deposition had jurisdiction of the person and the subject matter, and where this condition exists, a judicial officer is not liable in a civil action for false imprisonment for an erroneous exercise of judicial power. Comstock v. Eagleton, 11 Okla. 487, 69 Pac. 955; Flint v. Lonsdale, 41 Okla. 448, 139 Pac. 268. But it is contended that there was not only proof of an act in excess of jurisdiction, but proof that such act was done willfully, knowingly, maliciously, wantonly, and oppressively. From the evidence we are not willing to say that such proof was made. If it be conceded, however, that the proof is sufficient to sustain the contention, the position is not well taken; an action will not lie against a judicial officer for a judicial act when there is jurisdiction of the persons and the subject-matter, though it be alleged and proved that such act was done maliciously, or even corruptly. In Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646, in discussing the question, Mr. Justice Field said:

"If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons, sufficiently irritated to institute an action against a judge for his judicial acts, would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action."

And, again, in the same opinion, it is said:

"The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done. The allegation of malicious or corrupt motives could always be made; and, if the motives could be inquired into, judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence. Against the consequences of their erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort. But for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment, or in such other form as may be specially prescribed."

See, also, Coleman et al. v. Roberts, 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; Irion et al. v. Lewis, 56 Ala. 190; Lacey v. Hendricks, 164 Ala. 280, 51 South. 157, 137 Am. St. Rep. 45; Broom v. Douglass et al., 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; Cooke v. Bangs, Jr. (C. C.) 31 Fed. 640; Busteed v. Parsons, 54 Ala. 393, 25 Am. Rep. 688; Lange v. Benedict, 73 N. Y. 12, 29 Am. Rep. 80. From these cases and those collated in the notes thereto, it is obvious that upon existence or nonexistence of jurisdiction and not upon malice or corruption, rests the question of immunity from liability from acts done in a judicial capacity; where there is jurisdiction of the person and of the subject-matter, no civil liability can attach. In the case of Flint v. Lonsdale, supra, it was said:

"A judicial officer will not be held liable in a civil action for the false imprisonment for an erroneous exercise of judicial power, nor for acting in excess of his jurisdiction, where he has jurisdiction over the person and subject-matter, where he has not acted maliciously and corruptly."

And in so far as the expression, "Where he has not acted maliciously and corruptly," is in conflict with this opinion, it is disapproved, as this question could only be presented where there is an entire want of jurisdiction and the good faith of the officer came into question. The Supreme Court of the United States in the case of Randall v. Brigham, 7 Wall. 523, 19 L. Ed. 285, used a similar expression, which was disapproved in Bradley v. Fisher, supra, wherein the court said that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts are not liable in civil actions for their judicial acts, even when such acts are alleged to have been done maliciously and corruptly.

The plaintiff advances the argument that while the foregoing rule may apply to judges of the courts of general jurisdiction, it does not apply to those of inferior and limited jurisdiction. In this we cannot concur. The same protection extends to judges of courts of inferior and limited as to those of general jurisdiction; the law exempts all judicial officers alike. In Robertson v. Hale, 68 N. H. 538, 44 Atl. 695, it is said:

"It is a general rule that courts and judges are not liable to civil actions for their judicial acts within the scope of their jurisdiction, and this protection extends to magistrates exercising an inferior and limited jurisdiction, as justices of the peace. For the purpose of securing a fearless and impartial administration of justice. the law exempts all judicial officers, from the highest to the lowest, from civil liability in the performance of their judicial duties within their jurisdiction; and, to guard against an oppressive abuse of legal authority, makes them liable to impeachment or indictment for official misconduct."

See, also, Coleman v. Roberts, supra; Early v. Fitzpatrick, 161 Ala. 171, 49 South. 686, 135 Am. St. Rep. 123; Lund v. Hennessey, 67 Ill. App. 233; Broom v. Douglass, supra; Flint v. Lonsdale, supra; Johnston v. Moorman, 80 Va. 131; Comstock v. Eagleton, supra.

We now come to the question of the liability of an attorney for an alleged false imprisonment. The facts as developed at the trial show that an action for damages caused by an explosion was pending against the Guthrie Gas, Light, Fuel & Improvement Company; that Frank Dale, the attorney representing such company, was attempting to take the deposition of the plaintiff in that case, for use in the subsequent trial, which resulted in a judgment against his client. That he had the right to take the plaintiff's deposition cannot be controverted. Section 5048, Rev. Laws 1910, construed in Re

Abbott, supra, is ample authority for such proceeding. It became material in the trial of the damage suit to ascertain the facts connected with the plaintiff's injuries, and the company through its attorney was attempting to elicit from the witness the name of the physician who attended him during his confinement resulting from such injuries, this the witness refused to answer, whereupon the attorney requested that he be punished for contempt. There was no evidence of bad faith or malicious motive. Anderson et al. v. Canaday, 37 Okla. 171, 131 Pac. 697, L. R. A. 1915A, 1186, Ann. Cas. 1915B, 714. He was merely representing his client in his capacity as an attorney at law, requesting an order which he was entitled to have, but which was held to be void because the order of commitment failed to show the question propounded to the witness, and that such question was pertinent and material to the issue in the action for damages. Upon a thorough examination of the authorities, we are convinced that the general rule is that attorneys at law, in the exercise of their proper functions as such, are not liable for their acts, if such acts are made in good faith and pertinent to the matter in question, and when in the course of a judicial proceeding a witness refuses to answer a question which is pertinent and material to the issue involved, and the attorney requests that such witness be punished for contempt, the attorney is not liable in damages for false imprisonment. In the case of Campbell v. Brown et al., 2 Woods, 349, Fed. Cas. No. 2355, it is said:

"It is a general rule that attorneys at law, in the exercise of their proper functions as such, are not liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients. The public interest demands this. If attorneys cannot act and advise freely and without constant fear of being harassed by suits and actions of law, parties could not obtain their legal rights. If not free to advise and defend those who seek their aid, the laws are made in vain. Injustice and oppression would rule high-handed in the land. The untrammeled freedom and zeal, no less than the learning and ability of the members of the legal profession, are necessary to make them what they really are—the great body guard of men's rights in society. It is as necessary to the public weal that they should be privileged from molestation by actions and suits in the courageous performance of their duty as it is that the representatives of the people in the Legislature or the judges of the court should be thus privileged. Hastings v. Lusk, 22 Wend. (N. Y.) 410 (34 Am. Dec. 330); Hogsdon v. Scarlett, 1 Barn. & A. 232; Wright v. State, 18 Ga. 383; Hunt v. Printup, 28 Ga. 297; Wigg v. Simonton, 12 Rich. (S. C.)

583; Hargrave v. Le Breton, 4 Burrows, 2423." Youmans v. Smith et al., 153 N. Y. 214, 47 N. E. 265; Hollis v. Meux, 69 Cal. 628, 11 Pac. 248, 58 Am. Rep. 574; Rice v. Coolidge et al., 121 Mass. 393, 23 Am. Rep. 279; Hartung v. Shaw et al., 130 Mich. 177, 89 N. W. 701; Ring v. Wheeler, 7 Cow. (N. Y.) 725; Hastings v. Lusk, 22 Wend. (N. Y.) 410, 34 Am. Dec. 330; Moore v. Manufacturing National Bank, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753.

The cause should therefore be affirmed.

By the Court: It is so ordered.