

Norman Heine, of Camden, N. J., for appellants.

Samuel P. Orlando and Louis B. LeDuc, both of Camden, and E. Herman Fuiman, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

O. P. Soares, of Honolulu, T. H., for appellants.

Ingram M. Stainback, U. S. Atty., and Willson C. Moore, Asst. U. S. Atty., both of Honolulu, T. H., H. H. McPike, U. S. Atty., and Wm. E. Licking, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

In the United States District Court for the Territory of Hawaii, appellants, Robert K. Mookini and Lee Sau Chong, were jointly indicted and tried for violating

**MOOKINI et al. v. UNITED STATES.***

No. 8183.

Circuit Court of Appeals, Ninth Circuit.

July 26, 1937.

*Writ of certiorari granted 58 S.Ct. 53, 82 L.Ed. —-.

section 35 of the Criminal Code, 40 Stat. 1015, 48 Stat. 996 (18 U.S.C.A. § 80).[1] The indictment was in two counts, charging similar offenses alleged to have been committed on June 7, 1934, and September 7, 1934, respectively. Mookini was found guilty on the first count and not guilty on the second. Lee Sau Chong was found guilty on both counts. Motions for a new trial were denied and appellants were sentenced. This appeal followed.

The verdict in this case was rendered on May 28, 1935. The motions for a new trial were filed on June 7, 1935, and were denied on June 19, 1935. Judgment was entered on June 29, 1935. This appeal was applied for by petition filed September 27, 1935, and was on that date allowed by the trial court. It was not taken in the manner or within the time specified in rule III of the "Rules of Practice and Procedure, after Plea of Guilty, Verdict or Finding of Guilt, in Criminal Cases Brought in the District Courts of the United States and in the Supreme Court of the District of Columbia," prescribed by the Supreme Court of the United States on May 7, 1934 (28 U.S.C.A. following section 723a). Rule III provides:

"An appeal shall be taken within five (5) days after entry of judgment of conviction, except that where a motion for a new trial has been made within the time specified in subdivision (2) of Rule II, the appeal may be taken within five (5) days after entry of the order denying the motion.

"Petitions for allowance of appeal, and citations, in cases governed by these rules are abolished.

."Appeals shall be taken by filing with the clerk of the trial court a notice, in duplicate, stating that the defendant appeals from the judgment, and by serving a copy of the notice upon the United States Attorney. The notice of appeal shall set forth the title of the case, the names and addresses of the appellant and appellant's attorney, a general statement of the nature of the offense, the date of the judgment, the sentence imposed, and, if the appellant is in custody, the prison where appellant is confined. The notice shall also contain a succinct statement of the grounds of appeal and shall follow substantially the form hereto annexed."

Are these rules applicable to criminal cases in the United States District Court for the Territory of Hawaii? They were prescribed under and pursuant to the Act of February 24, 1933, c. 119, 47 Stat. 904, as amended by the Act of March 8, 1934, c. 49, 48 Stat. 399; Act June 7, 1934, 48 Stat. 926 (28 U.S.C.A. § 723a). Section 1 of the act, as amended (28 U.S.C.A. § 723a), provides that: "The Supreme Court of the United States shall have the power to prescribe, from time to time, rules of practice and procedure with respect to any or all proceedings after verdict, or finding of guilt by the court if a jury has been waived, or plea of guilty, in criminal cases in district courts of the United States, including the District Courts of Alaska, Hawaii, Puerto Rico, Canal Zone, and Virgin Islands, in the Supreme Courts of the District of Columbia, Hawaii, and Puerto Rico, in the United States Court for China, in the United States Circuit Courts of Appeals, in the United States Court of Appeals for the District of Columbia, and in the Supreme Court of the United States. * * *"

The Supreme Court's order of May 7, 1934 (28 U.S.C.A. following section 723a), reads as follows:

"It is ordered on this seventh day of May, 1934, that the following rules be adopted as the Rules of Practice and Procedure in all proceedings after plea of guilty, verdict of guilt by a jury or finding of guilty by the trial court where a jury is waived, in criminal cases in the District Courts of the United States and in the Supreme Court of the District of Columbia, and in all subsequent proceedings in such cases in the United States Circuit Courts of Appeals, in the Court of Appeals of the District of Columbia, and in the Supreme Court of the United States.

---

[1] Section 35: "Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *"

"It is further ordered that these rules shall be applicable to proceedings in all cases in which a plea of guilty shall be entered or a verdict or finding of guilt shall be rendered, on or after the first day of September, 1934."

██ Comparing the act with the order, it will be observed that, instead of referring, as the act does, to "district courts of the United States, including the District Courts of Alaska, Hawaii, Puerto Rico, Canal Zone, and Virgin Islands," the order refers only to "District Courts of the United States." The United States District Court for the Territory of Hawaii may not, for all purposes, be considered a District Court of the United States, but it has the jurisdiction of a District Court of the United States and is by law required to proceed in the same manner as a District Court of the United States, and appeals from that court to this court are required to be taken in the same manner as appeals from District Courts of the United States. See section 86 of the Hawaiian Organic Act (42 Stat. 119, 43 Stat. 890) and sections 641, 642, and 645 of title 48, U.S.C.A., derived therefrom.[2]

██ Necessarily, therefore, when the Supreme Court prescribes rules governing practice and procedure after plea of guilty, verdict or finding of guilt in criminal cases in District Courts of the United States, such rules must and do govern such practice and procedure in the United States District Court for the Territory of Hawaii. The rules so prescribed on May 7, 1934, were applicable to this case. The time within which appellants might have taken a valid appeal expired on July 6, 1935. This appeal, which they attempted to take on September 27, 1935, must be dismissed. O'Gwin v. United States (C.C.A. 9) 90 F.(2d) 494, decided June 7, 1937; Burr v. United States (C.C.A. 7) 86 F.(2d) 502, 503. See, also, Fewox v. United States (C.C.A. 5), 77 F.(2d) 699.

Appeal dismissed.

---

[2] Sections 641, 642 and 645:

"§ 641. *District court; sessions; powers; terms.* There shall be established in the Territory of Hawaii a district court, to consist of two judges, who shall reside therein and be called district judges."

"§ 642. *Jurisdiction of district court; authority of officers.* The said court shall have the jurisdiction of district courts of the United States, and shall proceed therein in the same manner as a district court; and the said judges * * * shall have and exercise in the Territory of Hawaii all the powers conferred by the laws of the United States upon the judges * * * of district courts of the United States."

"§ 645. *Appeals.* Appeals from the said district court shall be had and allowed to the circuit court of appeals for the ninth judicial circuit in the same manner as appeals are allowed from district courts to circuit courts of appeal as provided by law. * * *"