**MOOKINI et al. v. UNITED STATES.***
**No. 8183.**

Circuit Court of Appeals, Ninth Circuit.

April 11, 1938.

Conforming to opinion of Supreme Court, Mookini v. United States, 58 S.Ct. 543, 82 L.Ed. ——.

O. P. Soares, of Honolulu, T. H., for appellants.

Ingram M. Stainback, U. S. Atty., and Willson C. Moore, Asst. U. S. Atty., both

*Rehearing denied May 17, 1938.

of Honolulu, T. H., and H. H. McPike, U. S. Atty., of San Francisco, Cal.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, Robert K. Mookini and Lee Sau Chong, were indicted for violating section 35 of the Criminal Code, as amended, 18 U.S.C.A. § 80, which provides: "Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

The indictment is in two counts. Each count alleges that, on a specified date, at the city of Honolulu, in the territory of Hawaii: "[Appellants] did jointly, knowingly, wilfully, unlawfully and feloniously make and cause to be made, present and cause to be presented, for approval and payment to the Camp Director of the Schofield Camp of the Civilian · Conservation Corps, United States Department of Interior, a fraudulent claim and voucher * * * upon and against the said Schofield Camp of the Civilian Conservation Corps, Department of Interior * * * that said claim and voucher was then and there * * * false, fictitious and fraudulent * * * all of which [appellants] well knew at the time of making, causing to be made, presenting and causing to be presented, said claim and voucher. * * *"

Appellants demurred to the indictment and to each count thereof, on the ground that the facts therein stated were not sufficient to constitute an offense. The demurrers were overruled. Appellants pleaded not guilty and were, in due course, brought to trial. Mookini was convicted on the first count of the indictment and acquitted on the second. Lee Sau Chong was convicted on both counts. They appealed. We dismissed the appeal, as not having been taken in time. 9 Cir., 92 F.2d 126. The Supreme Court granted certiorari, reversed our judgment, and remanded the case for

further proceedings. 58 S.Ct. 543, 82 L.Ed. —.

Appellants assign as error the overruling of their demurrers to the indictment. The assignment is well taken. The indictment does not allege that appellants made, or presented or caused to be presented any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States was a stockholder. It alleges that they made and presented a claim upon and against the Schofield camp of the Civilian Conservation Corps, but it does not, nor could it truthfully, allege that said camp was the Government of the United States, or any department or officer thereof, or any corporation in which the United States was a stockholder. Hence, the indictment charges no violation of section 35, supra. It does not purport to charge any other offense. The demurrers should have been sustained.

Judgment reversed.