Alice Muriel QUINDLEN, Plaintiff in Error,

v.

William T. HIRSCHI, Defendant in Error.

No. 36507.

Supreme Court of Oklahoma.

May 31, 1955.

Kathryn Van Leuven, Oklahoma City, for plaintiff in error.

Adams & Adams, Bierer & Moser, Merle G. Smith, Guthrie, for defendant in error.

JOHNSON, Chief Justice.

This is an appeal from judgment of dismissal following the sustaining of a demurrer to plaintiff's petition for failure to state a cause of action against William T. Hershi, County Judge of Logan County, Oklahoma. The petition was based in tort for false imprisonment and seeks damages against him on the theory that he, as County Judge, wrongfully committed her to Central State Hospital at Norman, Oklahoma. The commitment proceedings were allegedly unlawful in that no legal notice was given to her, a 16 year old minor, and that no guardian ad litem was appointed to represent her, and that she was at all times sane; that said incarceration continued from the 13th day of October, 1943, to August 8, 1953, when, by Writ of Habeas Corpus, issued by the District Court of Cleveland County, Oklahoma, she was ordered released from the hospital.

Defendant demurred (among other things) on the grounds that a judicial officer is not liable for a judicial act when there is jurisdiction of the person and subject matter.

Plaintiff's counsel concedes that generally a County Judge in passing and rendering judgment in an insanity case pending in his court acts judicially and is not amenable to a civil action for false imprisonment, though the judgment is erroneous, and in rendering such judgment he erroneously exceeds the jurisdiction of his court, and that such judge issuing a commitment carrying into effect, and supported by judgment of his court, having jurisdiction of the person and of the subject matter, will be protected against a civil action for damages for false imprisonment under such commitment, but argues, however, that to confer actual jurisdiction in insanity cases, the judicial power of the court must be invoked by such measures and in such manner as is required by the local law of the tribunal, which allegedly was not done in the case at bar, and that immunity by a person while acting in a judicial capacity depends upon jurisdiction, citing in support of this argument, Manning v. Ketcham, 6 Cir., 58 F.2d 948; Morgan v. Dudley, 18B.

Mon.Ky., 693, 68 Am.Dec. 735; Hillard on Torts, Vol. 2, Chap. 19, P. 326; Dynes v. Hoover, 20 How. 65, 61 U.S. 65, 15 L.Ed. 838; Castro v. De Uriarte, D.C., 12 F. 250; Jillson v. Caprio, 86 U.S.App.D.C. 168, 181 F.2d 523, Annotation 21 A.L.R.2d 642; 124 A.L.R. 201, and Yates v. Lansing, 9 Johns. 395, 413, 6 Am.Dec. 290.

From a careful examination of the above cases, we conclude that they are not applicable for the reason that they involved situations where the Judge was wholly without jurisdiction.

In the instant case, the Judge, under the constitution, Art. VII, § 1, O.S. 1951 Const., is a judicial officer, and under our statutes was clothed with jurisdiction of the subject matter and person. The plaintiff was committed to the hospital pursuant to Section 62, Title 35 O.S.1941, now 43A O.S.1951 § 301.

That a judicial officer is not liable to civil action for judicial acts is universally well settled, and is the settled law in this jurisdiction. See Comstock v. Eagleton, 11 Okl. 487, 69 P. 955, 957; Id., 196 U.S. 99, 25 S.Ct. 210, 49 L.Ed. 402 (which case included false imprisonment charge). Therein, it was said:

"Under what circumstances can a judge of the probate court be held liable to a civil action for damages for an act done by him in his capacity as judge? Nothing is more essential and important than that the judiciary shall be independent. Every judge should feel perfectly free to follow the dictates of his own judgment, and the one thing essential to that independence is that they shall not be exposed to a private action for damages for anything that they may do in their official capacity. No judge would feel free if he knew that upon the rendition of a judgment or order that he might be subjected to a suit by the defeated party, and in the event that it should be held erroneous, and that he had mistakenly exceeded his jurisdiction and powers in some particular, be mulcted in damages."

In Waugh v. Dibbens, 61 Okl. 221, 160 P. 589, 591, L.R.A.1917B, 360, we held in an action against a county judge, that an action would not lie against a judicial officer for a judicial act, where there is jurisdiction of the person and subject matter, although it be alleged and proved that such act was done maliciously, or even corruptly. In the opinion, it was said:

"'If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons, sufficiently irritated to institute an action against a judge for his judicial acts, would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action.'"

While the rule discussed above is well established no case of this Court involving the action of a County Judge in committing a person found to be insane has been called to our attention, and we have found none other than the case of Roy N. Devault against County Judge Harry S. Truman, cited by defendant herein—DeVault v. Truman, 354 Mo. 1193, 194 S.W.2d 29, for damages on account of alleged illegal confinement in a state hospital for the insane. Therein, the general rule was applied and it was held that under the state constitution and statutes the county court had jurisdiction of a proceeding to commit an alleged indigent insane person to the state hospital, so that defendant in rendering judgment of commitment acted as a judicial officer and as such was not civilly liable in damages because of the judgment rendered. The rule of judicial immunity applies in the case at bar.

For the reasons above stated, the judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.