OSCN Found Document:PIERSON v. JOPLIN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PIERSON v. JOPLIN
2016 OK 40
Case Number: 114192
Decided: 04/12/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 40, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT RELEASED FOR PUBLICATION. 

KENNETH P. PIERSON, PAULA L. TAYLOR, Plaintiffs/Appellants,
v.
JUDGE LARRY JOPLIN, JUDGE ROBERT BELL, JUDGE KENNETH BUETTNER, Defendants/Appellees.

MEMORANDUM OPINION

Taylor, J.,

¶1 The questions presented to this Court are whether the Federal Rules of Civil Procedure apply to state court actions and whether the Appellees, judges on the Court of Civil Appeals, are immune from suit. We answer the first question in the negative and the second in the affirmative.

I. BACKGROUND AND PROCEDURAL HISTORY

¶2 On April 25, 2007, Lahoma Pierson Hall (Ms. Hall) died in the care of hospice after a seven-day stay in AHS Tulsa Regional Medical Center (Hospital). On March 20, 2009, Appellants Kenneth P. Pierson, son of Ms. Hall, and Paula L. Taylor, granddaughter of Ms. Hall, filed a petition, CJ-2009-2452 (Pierson I), against the Hospital stating claims on their own behalf. After amending the petition several times, Appellants filed their fourth amended petition on October 23, 2009. Appellants stated therein "[t]he plaintiffs are not pleading to have the court act on Ms. Lahoma Hall's rights for relief for actions such as medical malpractice or wrongful death." On February 24, 2010, the trial court dismissed the petition in Pierson I without prejudice for failure to state a claim.

¶3 On February 23, 2011, almost a year later, Appellants attempted to reopen Pierson I by filing another petition therein, but the petition was assigned a new case number, CJ-2011-1055 (Pierson II). This petition was almost identical to the Pierson I petition. On January 18, 2012, the trial court stated that the facts alleged showed no wrongs caused to the Appellants and no cognizable claim on their behalf. The trial court noted that no action had been brought by Ms. Hall's estate or her personal representative.

¶4 On February 2, 2012, Appellants filed a third amended petition in Pierson II, in which they, as next of kin, alleged the wrongful death of Ms. Hall due to the Hospital's actions. On February 10, 2012, the Hospital filed a motion to dismiss arguing that the wrongful death action was barred by the two-year statute of limitations period. On March 16, 2012, the trial court found that the wrongful death action was barred by the two-year statute of limitations and dismissed the petition with prejudice.

¶5 Appellants filed a Petition in Error on April 16, 2012 (No. 110,592) in Pierson II. On January 18, 2013, the Court of Civil Appeals affirmed the trial court's dismissal of the wrongful death action. The Court of Civil Appeals noted that "[e]ven if the Third Amended Petition relates back to the original petition, the original petition was filed more than two years after Decedent's death. Therefore, Appellant's wrongful death action is barred by the two-year statute of limitations."

¶6 Appellants filed a petition for certiorari, which on April 1, 2013, this Court denied, and on April 17, 2013, mandate issued. On April 22, 2013, Appellants filed a petition for rehearing with the Court of Civil Appeals which was denied on April 23, 2013, as untimely. On January 21, 2014, Appellants filed a motion in this Court for post-decisional relief in Pierson II, citing Rule 60 of the Federal Rules of Civil Procedure as authority and naming for the first time the Oklahoma Court of Civil Appeals, Judge Larry Joplin, Judge Robert Bell, and Judge Kenneth Buettner as parties. On February 10, 2014, this Court recast the motion as one to recall mandate and to vacate the Court of Civil Appeals' opinion. In the same order of February 10, 2014, this Court denied the motion, stating, "Appellants have not shown fraud, mistake, or unavoidable casualty, which would support the recall of the mandate," citing Simmons v. Harris, 1924 OK 1137, ¶ 0, 235 P. 508.

¶7 On March 24, 2014, Appellants filed another motion for post-decisional relief from this Court's February 10, 2014 order, again citing the Federal Rules of Civil Procedure as authority. On March 25, 2014, this Court ordered that Appellants' second motion would not be considered, in light of this Court's February 10, 2014 order, and that no further filings would be considered in the Pierson II appeal.

¶8 On January 5, 2015, over nine months after this Courts' order that no further filings would be considered, Appellants filed a new lawsuit, CV-2015-18 (Pierson III), against Appellees. On February 27, 2015, Appellants dismissed their cause of action without prejudice.

¶9 On April 23, 2015, Appellants filed CV-2015-746 (Pierson IV). On June 10, 2015, the trial court dismissed the petition with prejudice for failure to state a claim upon which relief can be granted, based upon the Appellees' absolute immunity for their judicial acts, citing Oklahoma Constitution, Article VII, Section 1. The court also found that Appellants' action was improper and frivolous and that Appellees were entitled to sanctions to be awarded pursuant to a separate application and hearing.

¶10 On June 15, 2015, Appellants filed a motion to vacate and set aside the June 10, 2015 order. On June 29, 2015, Appellants filed a motion for relief from judgment regarding the June 10, 2015 order. On July 10, 2015, Appellees filed a motion for the award of attorney's fees, costs, and non-monetary sanctions. On July 15, 2015, the trial court denied Appellants' motion to vacate due to Appellants' failure to assert any specific legal basis, under Title 12, Section 1031 of the Oklahoma Statutes, upon which the court could consider vacating its order. The court granted Appellees' motion for additional sanctions. Finally, the court ordered that Appellants "shall immediately cease and desist from filing any further pleadings in this matter" and in the event they continue to file frivolous and repetitive motions, Appellants may be held in contempt or further sanctioned for their conduct.

¶11 On August 10, 2015, Appellants filed their Petition in Error (No. 114,192) in the present appeal challenging the district court's dismissal of their case in Pierson IV.[1] On August 26, 2015, Appellees requested this appeal be treated as a Rule 1.36 accelerated appeal. On September 9, 2015, this Court granted Appellees' motion.

¶12 Appellants posited six issues on appeal which can be consolidated into the two questions posed to this Court. The Appellants have not challenged the sanctions imposed against them.

II. ANALYSIS

¶13 This Court evaluates the trial court's judgment in a motion to dismiss under a de novo standard of review. Alexander v. Alexander, 2015 OK 52, ¶ 8, 357 P.3d 481, 483. A motion to dismiss for failure to state a claim will be upheld if it appears without doubt that the plaintiff can prove no set of facts in support of the claim for relief. Darrow v. Integris Health, Inc., 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208.

A. Federal Rules of Civil Procedure Applicability in State Courts

¶14 We first turn to the Federal Rules of Civil Procedure's applicability in state court. In Pierson IV, Appellants sought relief from the Court of Civil Appeal's January 18, 2013 opinion, and this Court's February 10, 2014 and March 25, 2014 orders. Appellants sought relief under Rule 60(b)(4), (6), and (d)(3) of the Federal Rules of Civil Procedure.

¶15 Rule 1 of the Federal Rules of Civil Procedure states that the "rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1.[2] The District Courts of Oklahoma, the Oklahoma Court of Civil Appeals, and the Oklahoma Supreme Court are not United States district courts and are thus not subject to Rule 60.[3] Appellants have failed to cite any controlling or relevant authority to support their position on this issue. Oklahoma District Court Rules, Rule 4(c), 12 O.S.2011, app.; Oklahoma Supreme Court Rules, Rule 1.36(g), 12 O.S.2011, app.1.

B. Immunity

¶16 We next turn to the trial court's dismissal of Pierson IV based on Appellees' absolute immunity and whether this was in error in light of the alleged fraud of the Appellee judges. Appellants allege that Appellees' use of the phrasing "the original petition filed February 23, 2011," in their January 18, 2013 opinion, in the appeal in Pierson II, was an intentional misrepresentation of fact; that by using the term original petition in regard to the petition filed on February 23, 2011, instead of the petition from Pierson I on March 20, 2009, the Appellees committed perjury and intentionally defrauded the court into thinking the Appellants did not meet the statute of limitations in the underlying case.[4] Further, Appellants claim the Oklahoma Supreme Court committed judicial misconduct and obstructed justice with their February 10, 2014 and March 25, 2014 orders in the Pierson II appeal and that those orders should be declared void.

¶17 From the filing of the appeal in Pierson II until the present time, the Appellees have all been judges on the Oklahoma Court of Civil Appeals. The Appellees were assigned the appeal in Pierson II. At all relevant times during the proceedings in this case and the underlying cases, Appellees were acting as judicial officers, pursuant to Article 7, Section 1 of the Oklahoma Constitution. "[A] judicial officer is not liable to civil action for judicial acts." Quindlen v. Hirschi, 1955 OK 164, ¶ 6, 284 P.2d 723, 725. This Court has "stated that '[a]n official's immunity depends largely upon the nature of the act.'" State ex rel. OBA v. Wilcox, 2009 OK 81, ¶ 49, 227 P.3d 642, 660 (quoting N. Side State Bank v. Bd. of Cty. Comm'rs of Tulsa Cty., 1994 OK 34, ¶ 12, 894 P.2d 1046, 1050-1051). The Court has defined a purely judicial act, which would qualify for immunity, as "one done by a member of the judicial department in construing the law or applying it to a particular state of facts." N. Side State Bank, 1994 OK 34, ¶ 12, n. 13, 894 P.2d at 1050-1051, n. 13.

¶18 Appellants have failed to show any fraudulent acts which would remove the Appellees from the protection of immunity. The record cannot support claims for actual fraud or constructive fraud. This Court has defined actual fraud as the "'intentional misrepresentation or concealment of a material fact, with an intent to deceive, which substantially affects another person.'" Horton v. Hamilton, 2015 OK 6, ¶ 18, 345 P.3d 357, 363 (quoting Croslin v. Enerlex, Inc., 2013 OK 34, ¶ 12, 308 P.3d 1041, 1046). In the present case, the Appellants have not shown intent to deceive on the part of the Appellees in order to establish actual fraud. Any alleged misstatement of fact in the opinion would not be actual fraud without more.

¶19 This Court has defined constructive fraud as "'a breach of a legal duty or equitable duty to the detriment of another, which does not necessarily involve any moral guilt, intent to deceive or actual dishonesty of purpose.'" Id. Because any alleged act by the Appellees operated on the Appellees themselves and the court, in Appellees' positions as officers of the court, the alleged act would also not meet the requirement for either type of fraud that the act be upon another. Here, because Appellees were members of the judiciary applying the law to the particular facts of the case, they were performing a purely judicial act and are immune from any civil suit. State ex rel. OBA v. Wilcox, 2009 OK 81, ¶ 49, 227 P.3d 642, 660.

III. CONCLUSION

¶20 The Federal Rules of Civil Procedure do not apply here. The district court properly dismissed Appellants' petition because they failed to state a claim upon which relief can be granted. The district court properly ruled the Appellees are immune from civil liability for their judicial acts. We find all other issues raised by Appellants are unsupported by relevant authority and are without merit. The dismissal order of the district court is affirmed. As Appellants did not appeal the granting of sanctions against them, the sanctions became final. This opinion is the final decision on these issues; anything further from the Appellants related to these issues or claims are barred and Appellants may be held in contempt and further sanctioned. This matter is remanded to district court to determine amount of sanctions previously imposed by the district court.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Appellants alleged an appeal in Pierson II as well, but failed to attach a certified copy of the judgment, decree, or order. Oklahoma Supreme Court Rules, Rule 1.25(a), 12 O.S.2011, app.1.

[2] While not applicable here, Rule 81 of the Federal Rules of Civil Procedure provides an exception for applicability of the rules to civil actions after their removal from state court to a United States district court, but not before removal. Fed. R. Civ. P. 81(c)(1).

[3] "The term 'District Courts of the United States,' as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution." Mookini v. United States, 303 U.S. 201, 205 (1938).

[4] The phrase, "the original petition filed February 23, 2011," in the Court of Civil Appeals opinion is clear in context, where Appellees were referring to the date of the original petition for wrongful death claim not the first petition filed in Pierson I. While Appellants' initial petition in Pierson I on March 20, 2009, was the first time any petition was filed by the Appellants, it was not the proper date to use for determining when the wrongful death claim was brought because Appellants specifically disclaimed that they were bringing any wrongful death claim.

Appellants state that their disclaimer in Pierson I was only valid in regard to a potential wrongful death claim on behalf of the Estate of Ms. Hall and did not disclaim the Appellants' right for a wrongful death claim. However, a wrongful death action can only be brought by the personal representative of the deceased, or the widow or next of kin if there is no appointed representative. 12 O.S.2011, §§ 1053, 1054. Appellants were not the appointed personal representative of Ms. Hall; therefore the only wrongful death action they were able to disclaim was their own, under 12 O.S.2011, § 1054, as next of kin.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 34, 894 P.2d 1046, 65 OBJ 1195, North Side State Bank v. Board of County Comm'rs of Tulsa County
Discussed at Length
 1955 OK 164, 284 P.2d 723, QUINDLEN v. HIRSCHI
Discussed
 2008 OK 1, 176 P.3d 1204, DARROW v. INTEGRIS HEALTH, INC.
Discussed
 2009 OK 81, 227 P.3d 642, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILCOX
Discussed at Length
 1924 OK 1137, 235 P. 508, 108 Okla. 189, SIMMONS v. HARRIS
Discussed
 2013 OK 34, 308 P.3d 1041, CROSLIN v. ENERLEX, INC.
Discussed
 2015 OK 6, 345 P.3d 357, HORTON v. HAMILTON
Discussed
 2015 OK 52, 357 P.3d 481, ALEXANDER v. ALEXANDER
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1053, Wrongful Death - Limitation of Actions - Damages
Cited
 12 O.S. 1054, Cause of Action Brought by Widow or Next of Kin
Cited