IRA LEE, APPELLEE, V. PAUL T. BROWN ET AL., APPELLANTS.

FILED APRIL 15, 1916.   No. 18749.

1. Attachment: WRONGFUL ATTACHMENT: LIABILITY.   In the absence
of proof of fraud or conspiracy, a justice of the peace is not liable
to the owner of property taken and sold under his judgment in
attachment proceedings as the property of another.

2. ———: ———: ———.   The same rule obtains in favor of the
attorney who commenced the proceedings in attachment, although
the plaintiff himself may be liable.

APPEAL from the district court for Dawes county: WIL-
LIAM H. WESTOVER, JUDGE.   *Affirmed in part and reversed
in part.*

*Crites & Sons* and *F. S. Baird,* for appellants.

*Allen G. Fisher* and *William P. Rooney, contra.*

BARNES, J.

This was an action brought by the plaintiff in the dis-
trict court for Dawes county, in which he sought to recover
the value of a team of horses, a set of harness and a wagon
alleged to have been wrongfully taken by the defendants
and sold under an order of attachment against one Lyman
Lee in a suit wherein the defendant Gus Makres was plain-
tiff and Lyman Lee was the defendant.

The plaintiff in his petition alleged, in substance, that he
was the owner of the property taken and sold as the prop-
erty of Lyman Lee; that defendants had due notice of
plaintiff's ownership of the property, and, with knowledge
of that fact, Paul T. Brown, acting as a justice of the
peace, wrongfully proceeded to issue the attachment
process, enter judgment, and order the sale of said prop-
erty; that defendant Makres, as plaintiff, and Frederick
S. Baird, as his attorney, well knowing that Lyman Lee
was not the owner of said property, proceeded to sell the
same, and wrongfully applied the proceeds of the sale to

the plaintiff's claim and for certain alleged fees of the justice of the peace and the constable who conducted the sale, to plaintiff's damage in the sum of $300, for which plaintiff prayed judgment.

The defendants Makres and Baird joined in an answer in which they alleged that Lyman Lee was indebted to Makres in the sum of $65; that on the 27th day of March, 1913, they commenced an attachment suit before defendant Paul T. Brown, a justice of the peace for Dawes county, against the said Lyman Lee, and placed the papers in the hands of a special deputy constable for service; that the attachment was levied on the two horses, a set of double harness, and a spring wagon, as the property of the defendant Lyman Lee; that thereafter such proceedings were had that Makres obtained a judgment against the defendant, and the property was sold to satisfy such judgment. It was further alleged that Ira Lee filed a notice in writing with the justice of the peace claiming to own said attached property. It was also alleged that neither Lyman Lee nor Ira Lee had ever appealed from the judgment rendered in that case. It appears, however, that the plaintiff, Ira Lee, was not a party to the action, and the court never gave him a trial or a hearing of any kind on his claim of ownership.

The defendant Paul T. Brown, by his attorney, filed a separate answer; he having removed to Chicago. By his answer he alleged that he was the justice of the peace before whom the attachment suit of Gus Makres against Lyman Lee was commenced; that all of the proceedings were regular, and, so far as he was concerned, were conducted in good faith; that Ira Lee did not file an inventory asking that the attached property be set off to him; that no hearing on plaintiff's claim was ever had; that, as such justice, he acted in good faith and without malice and therefore prayed that he might go hence without day.

Plaintiff filed a general denial to each of said answers. The cause was tried to the jury, and a verdict was returned for the plaintiff for $175. A motion for a new trial was

overruled, and the court rendered judgment on the verdict for the sum last named, and costs of suit. The defendants have appealed.

The record shows, beyond question, that the plaintiff, Ira Lee, was the owner of the property which was attached in the suit commenced against Lyman Lee. It appears that the jury was properly instructed. Indeed, the instructions are not complained of.

As we read the record, there was no evidence of any misconduct on the part of the defendant Paul T. Brown, who was the justice before whom the action in favor of Makres against Lyman Lee in which the attachment was issued was pending, and in which the judgment against said Lee was rendered, and no evidence of any misconduct or wrongdoing on the part of the defendant Frederick S. Baird. Therefore the district court was not authorized in rendering any judgment against them or either of them. We are of opinion that the verdict and judgment against the defendant Makres were proper, and, the record containing no reversible error in his favor, should be affirmed.

The judgment of the district court as to defendant Makres is affirmed, and as to defendant Brown and attorney Baird is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.