## THE COMMACK.

(District Court, S. D. Florida. February 2, 1925.)

No. 1932.

1. **Admiralty ☞66—Leave to amend libel will not be granted, after cause stands dismissed under rule of court.**

Under rule 46 of the District Court, providing that, if exceptions to the libel are not set down for hearing by libelant within 10 days, the cause shall stand dismissed, after the expiration of such 10 days, without any action by libelant, leave to amend the libel will not be granted.

2. **Admiralty ☞67—Amendment to libel must be verified.**

Under admiralty rule 22, requiring all libels to be "on oath or solemn affirmation," an amendment to a libel, to be allowable, must be verified.

3. **Admiralty ☞50—Claimant to fund in court may come in at any time before decree of distribution.**

Where a fund is in court for distribution, any claimant may come in at any time before decree of distribution.

In Admiralty. Suit by the W. S. Jordan Company against the Schooner Commack, in which the Germain Company intervened. On application of the Germain Company to amend libel, and objections thereto. Objections sustained, and amendment denied.

Axtell & Rinehart, of Jacksonville, Fla., for Germain Co.

Lee Guest, of Jacksonville, Fla., for excepting interveners to libel of Germain Co.

Geo. C. Bedell, of Jacksonville, Fla., for respondent.

CALL, District Judge. On July 7, 1924, the Germain Company filed its libel against the schooner Commack, to recover damages. The libel alleges the loading of certain cross-ties at the port of Jacksonville, Fla., upon said schooner on June 12, 1924, to be carried and safely delivered at the port of New York, for the consideration of certain freight money to be paid upon their safe delivery, according to a certain bill of lading issued; that the schooner has not left the port of Jacksonville and fails and refuses to proceed upon her voyage, and libelant therefore claims damages. This libel is not sworn to, nor is the bill of lading, or a copy of it, attached to the libel.

[1] The Jacksonville Tent & Awning Company and the Jacksonville Ship Chandlery Company, interveners in these proceedings, on July 11th, filed exceptions to said libel. The third ground is that the libel

is not verified; the fourth, that no bill of particulars or cause of action is attached to the libel; the seventh, that neither the original nor copy of the charter party is attached to the libel, or any excuse made for not doing so. These exceptions were not set down for a hearing within 10 days, as required by District Court rule No. 46.

Notice was given all proctors for all parties interested that an application to amend the libel would be made January 22, 1925, and on said date the hearing was continued to January 30, 1925. On January 21st the Jacksonville Tent & Awning Company and the Jacksonville Ship Chandlery Company filed objections to the allowance of such amendments. The seventh ground is that the original libel stands dismissed under District Court rule 46. The application to amend, and the objections thereto, came on for a hearing on January 30, 1925. District Court rule 46 is as follows:

"Rule 46. *Exceptions to Libel.* The respondent or claimant may before filing his answer except to the jurisdiction or to the sufficiency of the libel, and if the exception is not set down for hearing by the libelant within 10 days from the filing of same, or if said exception is sustained and the libel is not amended within such time as the court shall allow, said cause shall stand dismissed at the costs of the libelant. The libelant may set down exceptions for hearing by an order as of course in the clerk's office. Either party may have exceptions heard upon 10 days' notice to the opposite party."

The language is that "said cause shall stand dismissed." The seventh objection is well taken and the application to amend is denied.

[2] One of the grounds of exception to the original libel, sought to be amended, is that it is not verified. Rule 22 of the New Admiralty Rules, promulgated by the Supreme Court to take effect March 7, 1921, requires that all libels in instance causes "shall be on oath or solemn affirmation." These rules have the effect of statute law and must be obeyed. This defect might be cured by amendment on application and libelant allowed to make oath to his libel. Neither the libel or proposed amendment are verified, and if the libel must be verified, so must any amendment to it.

[3] The court is judicially cognizant that the vessel has been sold and the proceeds deposited in the registry of this court, and that the contest is between the interveners and parties for this fund, dependent upon

3 F.(2d)—45

the priorities of the different claims, and these priorities have not been adjudicated. It is the law, as I understand it, that where the fund in court has not been distributed, claimant can come in, until the time a decree of distribution is made. Therefore the order denying the application to amend will be made without prejudice to the Germain Company, propounding any claim it may have to the fund in the registry of this court, according to the practice in admiralty, within 10 days.