## CITIZENS' NAT. BANK OF CAMERON v. MORRISON.

### No. 7713.

Court of Civil Appeals of Texas. Austin.

May 11, 1932.

Henderson, Kidd & Henderson, of Cameron, for appellant.

E. A. Wallace and W. A. Morrison, both of Cameron, for appellee.

BLAIR, J.

Appellant sued appellee for conversion of cotton belonging to L. C. Posey, but upon which appellant claimed to have a chattel mortgage. Appellee answered that the cotton was sold under an execution to satisfy a judgment in favor of the Milam County Lumber Company against L. C. Posey; that appellee had no connection with the execution sale except as attorney for the lumber company; and that he never had any interest in the cotton. In answer to the sole issue submitted, the jury found that appellee purchased the cotton at the sheriff's sale as attorney for the Milam County Lumber Company, and, upon this finding, the undisputed evidence, and the trial court's conclusions of law that an attorney is not liable for his usual and customary acts in the performance of legal business for his client, judgment was rendered for appellee; hence this appeal.

The evidence supporting the jury's finding and the undisputed evidence may be briefly stated as follows: The manager of the Milam County Lumber Company requested appellee, as attorney for the lumber company, to have the execution in question issued upon a judgment in favor of the lumber company against L. C. Posey; and directed and caused the sheriff to levy upon the cotton in question. He also directed appellee to bid the cotton in for the lumber company at the sheriff's sale, and the entire evidence of appellee was to the effect that every act of his in connection with the sale of the cotton under execution was as attorney for the lumber company. Appellant was informed by the manager of the lumber company after the levy and before the sale where the cotton was stored. Appellee informed appellant after the sale, but on the same day, where the cotton was stored; and appellee told appellant that he regarded its alleged mortgage on the cotton to be void for want of definite description of the cotton; and that, if appellant desired, it could proceed legally for the cotton, and that it was not being hid from appellant in any manner. After the sheriff's sale counsel for appellant went to the compress where the cotton was stored and obtained samples and a description of it. The cotton remained at the compress for about thirty days when the lumber company sold it, and applied the proceeds of sale on its judgment.

Appellant contends that the trial court erred in causing the whole case to turn upon the one issue submitted, first, because the conversion consisted not in purchasing the cotton at the sheriff's sale, but in taking possession of it after the sale with full notice of appellant's mortgage and disposing of it and causing it to be removed from the county without paying appellant's mortgage debt; and, second, because, in so taking possession of the cotton and in so disposing of it, appellee did not perform any service which engaged or required the office or the professional skill or authority of an attorney, and in such conversion it was immaterial whether appellee acted for himself or as attorney for the Milam County Lumber Company.

■ The first contention is not sustained. The only ultimate issuable fact raised by the pleadings and evidence and submitted to the jury was whether appellee purchased the cotton for himself or as attorney for the Milam County Lumber Company at the sheriff's sale. Upon conflicting evidence the jury found the issue in favor of appellee, which finding concludes the question. It is true that appellant objected to the issue submitted, but does not predicate error upon that objection, because the issue did not take into consideration the fact that the return on the execution writ showed the cotton to have been sold to appellee, and the compress receipts to have been taken in his name. But these facts were merely evidentiary of the ultimate and controlling fact or issue of whether appellee purchased the cotton for himself or as attorney for the lumber company at the sheriff's sale. They do not present a separate or independent ground of recovery from that submitted to the jury. And while it is also true in this connection that appellant contends its petition alleged by reasonable intendment, if not by specific averment, that the conversion consisted of taking possession of and disposing of the cotton after sale under execution, no request was made to submit any issue upon that theory of recovery, and absent request to submit the issue such theory of recovery will be deemed to have been waived.

■■ Nor do we sustain appellant's second contention. This proposition presents a question of law as applied to the facts. That is, appellant contends that, if it be conceded that every act of appellee testified to in connection with the execution sale of the cotton was as attorney for the lumber company, still appellee is liable to it for conversion of the cotton under the following proposition: "An attorney is exempt from liability to a party other than his client for damages resulting in the performance of service which engages and requires the office or the professional training, skill and authority of an attorney; but where the damage results from conversion, or other tort, and the service perform-

ed does not require professional skill or authority, nor otherwise invokes the exercise of the office of an attorney, but may be performed by an ordinary agent, the law regulating an agent's liability applies, and one performing for another such non-professional service amounting to a tort and resulting in damage to a third person, is liable as an agent, and is not exempt from liability because he is an attorney."

Appellant states in its brief that no Texas court has passed upon its above proposition of law, but that other jurisdictions have sustained the proposition.

In 5 Tex. Jur. 474, § 63, the following rule is stated: "An attorney who advises, directs and is actually present when levy is made on exempt property, and himself is the purchaser of part of it, may be held liable to the defendant in execution; but where it appears that he acted only in the execution of the duties of his profession, the conclusion is that he is not liable."

This rule is supported by the following language in the early case of Cunningham v. Coyle, 2 Willson, Civ. Cas. Ct. App. pages 371, 373, §§ 422, 424, by the Texas Court of Appeals: "But where one acts only in the execution of the duties of his calling or profession, and does not go beyond it, and does not actually participate in the trespass, he is not liable, though what he does may aid another in its commission. Hence an attorney who directed a levy and executed an indemnity bond in behalf of his clients, and in pursuance of express instructions received from them, was adjudged not to be a co-trespasser with them."

The Milam County Lumber Company requested appellee to perform every act he did in connection with the execution sale of the cotton, and we are clear in the view that appellee's acts in causing the execution in suit to issue, and in purchasing the cotton at the sheriff's sale, and in advising as to the validity of appellant's alleged mortgage on the cotton after the sale, as well as all of his acts in connection with the sale of the cotton under execution, were duties of his calling and profession as an attorney, and required the professional skill and authority of an attorney. The evidence shows that for many years appellee had acted as attorney for the lumber company, and had obtained the judgment on which the execution issued for it; and that appellee was at the time of the execution sale, for many years prior thereto, and is now, actively engaged in the practice of law as his profession. This court also judicially knows that the acts of an attorney in causing and directing the sale of property under execution in satisfaction of a judgment he has obtained for his client are the usual and customary acts in the performance of his professional duties, which do not end with the obtaining of judgment, but continue

through all necessary proceedings to enforce the judgment by execution or order of sale of property. And while it may be true that a mere agent might be able to direct the sale of property under execution, such matters are usually performed by an attorney and are usually regarded as acts requiring the professional knowledge and skill of an attorney. We therefore conclude that appellee, who, at the request of his client, merely advised and directed, and acted only in the performance of the duties of his profession in connection with the execution sale of the cotton in satisfaction of his client's judgment, is not personally liable for conversion of the cotton, even though it be conceded that it was wrongfully levied upon by the lumber company.

We affirm the judgment of the trial court, which renders unnecessary a decision upon appellee's cross-assignments of error.

Affirmed.