ALLEN, Chief Judge.
The appellees, as plaintiffs in the lower court, filed an action for damages for the injury of the plaintiff-wife received from a fall in the locker room, adjacent to a swimming pool, which was maintained by the defendant municipality. The complaint alleged that the floor of the locker room was negligently permitted to be in a slippery condition and that such condition caused plaintiff-wife to fall and suffer injury. The plaintiff-husband sought to recover for the loss of his wife’s services and for medical expenses incurred in his wife’s behalf. 'The defendant answered denying negligence and plead the contributory negligence of the plaintiff-wife. The issues were tried before a jury which resulted in a verdict of $3,500 for the plaintiff-wife and $500 for the plaintiff-husband. A post verdict motion by the defendant for a directed verdict was denied and final judgment was entered in favor of the plaintiffs.
The appellant directed the court reporter to transcribe the testimony of only two witnesses, the plaintiff, Mrs. Edwards, and Warren Kraft, the lifeguard at defendant’s pool. The testimony by Mrs. Edwards relating to her treatment and physical condition has been omitted as has been the entire testimony of Mr. Edwards, the plaintiff’s husband, and the entire testimony of Dr. Rahilly, plaintiff’s physician. The appellant asserts, however, that the testimony before this court is ample to demonstrate the insufficiency of evidence to support the finding of liability against the defendant municipality. The appellee, of course, contends that the record is not adequate to enable this court to pass on the issue of liability. Notwithstanding these assertions in regard to the testimony, we hold that the appellant has failed to show that it preserved its right to question the sufficiency of the evidence on appeal.
*145 The verdict in the instant case was returned on March 14, 1960, and defendant’s post verdict motion for a directed verdict was filed on March 17, 1960. The trial court denied the motion on April 19th and entered final judgment on the verdict on April 20, 1960. No motion for new trial is reflected by the record as having been filed. There is no reference in the record to any prior motion for directed verdict having been made by defendant. The defendant, however, contends that “it is more than obvious that defendant made a motion for directed verdict at the close of all of the evidence for two reasons.” The reasons as stated by defendant are:
“1. This is the first assignment of error (R. 72) as filed by defendant in this appeal — namely, plaintiffs failed to prove that negligence existed on the part of defendant which proximately caused the injury complained of by plaintiffs and hence, the Trial Court erred in denying defendant’s motion for directed verdict at the close of all the evidence, and
“2. That the learned Trial Judge would never have entertained the post trial motion for directed verdict, filed in accordance with Rule 2.7b, Florida Rules of Civil Procedure [31 F.S.A.], if the proper procedure had not been employed by defendant in making a motion for directed verdict at the close of all the evidence.”
In Southard et al. v. Johnson, 117 Fla. 666, 158 So. 169, 170, the Court stated as to the failure of the record to show that a motion was made:
“The record fails to show exceptions taken to the order of court overruling motion for new trial. In fact, the record fails to show any order of court made on the motion or that the same was ever brought to the attention of the court, except in the bill of exceptions.
“Because of the state of the record, we cannot say that reversible error has been made to appear.” (Emphasis added.)
On denying rehearing in the Southard case reported at 118 Fla. 713, 160 So. 2, the Court stated:
“ * * * [I]t is contended that the record shows by implication that motion for new trial was denied by the judge of the circuit court. This would require us to indulge in assumption which we are not permitted * ‡ ‡»
Aside from the fundamental principle that an appellate court will not indulge in an assumption that the defendant filed a certain motion in the trial court, the language of Rule 2.7(b), Florida Rules of Civil Procedure, is quite clear as to the prerequisite to have judgment entered in accordance with his motion for a directed verdict.
“ * * * Within 10 days after the reception of a verdict, a party zvho has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside * * * ” (Emphasis added.)
The party, therefore, must have moved for the directed verdict prior to the entry of the jury verdict.
In 6551 Collins Ave. Corp. v. Millen, Fla. 1958, 104 So.2d 337, 338, the Supreme Court discussed the following question which had been answered in the negative by the Third District Court of Appeal in 97 So.2d 490:
“ ‘Whether a defendant who files no motion for new trial and in addition fails to renew his motion for directed verdict at the close of all the evidence, but after an unfavorable verdict does file a post-trial renewal of his motion for directed verdict made at the close of plaintiff’s case, can raise on appeal any question concerning the sufficiency of the evidence to support the jury verdict?’ ”
*146 At the outset the Court observed that Rule 50(b) of the Federal Rules, 28 U.S.C.A., was adopted in this state in 1950 as Florida Common Law Rule 40 and now appears as Rule 2.7(b) of the 1954 Rules of Civil Procedure.
The Supreme Court concluded that under the stated procedural chronology of the question presented, the defendant could not raise on appeal any question concerning sufficiency of the evidence to support the verdict when the record did not affirmatively show that the trial judge reserved his ruling on defendant’s motion for purpose of considering it in light of all the evidence either at the close of all the evidence or after verdict, or that he did, in' fact, consider all the evidence before making his ruling.
The Court cautioned that it is incumbent upon the defendant to make sure that the legal question presented by Ms motion for a directed verdict made at the close of plaintiffs case is reserved for consideration by the trial judge after verdict and by the appellate court on appeal, and if the motion is denied, it must be renewed at the close of all the evidence, and-if the trial judge simply announces “ruling reserved” on motion, it is incumbent upon the defendant to secure from the judge, as a measure of precaution, an affirmative statement as to his reason for deferring or reserving his ruling.
An exhaustive annotation appears in 69 A.L.R.2d 449, on the subject: “Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions.” At page 478 the author of the text points out that Rule 50(b) and similar state rules require that a motion for a directed verdict must be made at the close of all the evidence as a prerequisite to a party’s right to make, and of a court’s power to entertain, a motion for judgment under the rule. Numerous cases are cited in support of this statement from Federal courts, and the courts of: Arizona, Colorado, District of Columbia, Florida (the 6551 Collins Ave. Corp. case), Georgia, Kentucky, Maryland, Missouri, Nebraska, Nevada, New Mexico, and North Dakota. The footnote to this statement, which is equally well supported, states that a party’s failure to move for a directed verdict at the close of all the evidence may also preclude him from raising, on appeal, a question as to the sufficiency of the evidence to sustain an adverse verdict. For a discussion of the distinction between the right of review of the sufficiency of the evidence in the Federal courts and the right of review in Florida, see Ruth v. Sorensen, Fla.1958, 104 So.2d 10.
The Florida Supreme Court did limit the severity of the above statement by expressing the qualification in the 6551 Collins Ave. Corp. case that no charge of “waiver” can be made against a defendant when a trial judge reserves his ruling on a motion for directed verdict made by defendant at the close of defendant’s case where this reservation of ruling was for the purpose of deferring until after all of the evidence was in before ruling. The Court stated that it would- seem an unnecessary adherence to the technical niceties of procedure to hold that the defendant must make the useless gesture of renewing his motion at the close of all the evidence in order to avoid a charge of “waiver.”
In the instant case, however, no motion is shown by the record to have been made until after the verdict was rendered by the jury. The above qualification would therefore appear to be of no assistance to the defendant on this appeal.
This problem is discussed in 32 Fla. Jur. Trial, §§ 87-89, and the collateral Florida cases are collected therein. In Barron and Holtzoff, Fed.Practice and Procedure, Vol. II, § 1081, the policy Rule 50(b) is stated as follows:
*147 “It is well established that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court. There are sound reasons for this rule. The party who makes no motion for a directed verdict must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view. The appellate court, therefore, is powerless to review the sufficiency of the evidence to support the verdict if the appellant made no motion for a directed verdict. The only exception is where the insufficiency of the evidence constitutes plain error apparent on the face of the record which if not noticed would result in a manifest miscarriage of justice. One case has held that even if a motion for a new trial is made for insufficiency of the evidence, the failure to move for a directed verdict forecloses the question on appeal. A party may not gamble on the verdict and later question the sufficiency of the evidence.”
In Srybnik v. Epstein, 2 Cir., 1956, 230 F.2d 683, the Court held that even though motion for judgment notwithstanding the verdict had been made, the question of legal sufficiency of the evidence was not open on appeal, where there had been no motion for directed verdict at the close of the evidence.
A similar conclusion is stated in Moore’s Federal Practice, Vol. 5, § 50.08, p. 2328:
“The first and second sentences of Rule 50(b) provide: ‘Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict.’ Thus, a motion for judgment n. o. v. may be entertained only if the movant has made a motion for a directed verdict at the close of all the evidence. Hence a defendant who fails to move for a directed verdict at the close of all the evidence, or a plaintiff who similarly fails to move for a directed verdict at the close of all the evidence can not present to the trial court a question as to the legal sufficiency of the evidence to support a verdict for his opponent by a motion for judgment non obstante veredicto, or raise the question on appeal. * * * ”
Under the foregoing authorities it would appear that since defendant has not shown in the record that a motion for directed verdict was made at the close of plaintiff’s case and ruling was reserved thereon or that the motion was made at the close of all the evidence; the defendant cannot now on appeal assign as error the lower court’s denial of defendant’s post verdict motion for a directed verdict, nor can defendant question the legal sufficiency of the evidence on appeal. For this reason we are precluded from a review of the appeal on its merits and the judgment of the lower court must be affirmed.
Affirmed.
KANNER and SHANNON, JJ., concur.