161 So.2d 239 (1964)
Rod PICKARD and George H. Henry, Appellants,
v.
MARITIME HOLDINGS CORPORATION, a Panamanian corporation, Appellee.
No. 63-223.
District Court of Appeal of Florida. Third District.
February 25, 1964.
Rehearing Denied March 17, 1964.
*240 Jepeway & Gassen, George H. Henry, Miami, for appellants.
Arthur J. Berk, Miami Beach, Joseph Pardo, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
PEARSON, TILLMAN, Judge.
Rod Pickard and George H. Henry have appealed from a final judgment of $15,000 entered against them jointly and severally in an action brought by Maritime Holdings Corporation, a Panamanian corporation. The final judgment was entered pursuant to a jury verdict. The complaint charged the defendants-appellants in three counts. Count One sounded in tort for fraud; Count Two was against Rod Pickard only, and charged additional acts of fraud; Count Three alleged a conspiracy between Rod Pickard and George H. Henry (who was Pickard's attorney) to perform the acts set forth in Count One. The essential questions to be decided on this appeal are (1) whether there was sufficient evidence to sustain the jury verdict as to each of the defendants and (2) whether certain alleged errors of procedure denied appellants a fair trial. We affirm as to the defendant-appellant Rod Pickard and reverse as to defendant-appellant George H. Henry.
Since this is an appeal from a final judgment based upon a jury verdict, we are required to accept the facts developed at the trial in the light most favorable to the jury verdict. We conceive these facts thus stated to be that Pickard while in Venezuela, contacted Sidney Caplan and received from him $15,000 with which to purchase and transport the Yawl "Desiree" from Venezuela to Miami, Florida. There was an oral agreement between these two men that the yawl would be sold and after repaying Caplan's $15,000 the remainder would be divided 51% to Caplan and 49% to Pickard. Pickard arranged to have the yacht brought to Miami and docked at the Miami Shipbuilding Corporation docks. Pickard had his office in the Miami Shipbuilding Corporation Building.
The shipbuilding corporation became insolvent and George H. Henry, as attorney for Rod Pickard, approached the receiver for the shipbuilding concern and stated that he could get the receiver's money for past-due dockage if the receiver would authorize Henry to bring a libel against the "Desiree". The libel was prepared by Henry and filed. Then Henry prepared and filed for Pickard an intervening libel in which Pickard claimed that he had owned the vessel and that he had transferred it to the Maritime Holding Corporation for a consideration of $15,000 which was not paid. Attorney Henry swore to the truth of the facts alleged in the intervening libel, not upon information and belief but as of his own knowledge. The vessel was sold under the libel and the intervening libel without the Maritime Holding Corporation or its President and principal stockholder, Sidney Caplan, being informed of the admiralty proceedings. Pickard received $6,500 of the sale price and Henry received certain money as an attorney's fee.
During the trial of Caplan's action against Pickard and Henry and at the conclusion of the plaintiff's case, each defendant moved for a directed verdict. These motions were denied. At the close of all of the evidence the defendants failed to move for a directed verdict but they filed motions for a new trial designed to test the sufficiency of the evidence.
Appellant Rod Pickard urges that the judgment against him should be reversed because the court erred in refusing to admit an exhibit entitled "stipulations" which he claims revealed certain dealings *241 between himself and another corporation controlled by Sidney Caplan. It is his claim that these "stipulations" would demonstrate an indebtedness from the last mentioned corporation to him in the amount of $15,000 and that therefore, the jury was entitled to know of the indebtedness because it was the basis of his claimed indebtedness against the ship. We have examined the tendered document and find that it makes no reference to the ship, and in fact, is entirely irrelevant to appellant Pickard's claim that he was due $15,000 from the Maritime Holding Corporation as purchase price for the Yawl "Desiree." No error has been demonstrated.
Appellant Pickard's remaining points urge that the evidence is not sufficient to support the jury's verdict against him. We feel that the evidence as viewed in the summary of the facts is sufficient to support the jury's verdict against appellant Pickard.
Appellant Henry urges that the evidence is not sufficient to support the judgment against him because it affirmatively appears that he was acting as attorney for Pickard. It is recognized that an attorney acting under employment, at the direction of his client and in legal manner is not liable for the consequences of his client's actions. Waugh v. Dibbens, 61 Okla. 221, 160 P. 589, L.R.A. 1917B, 360; Lee v. Brown, 99 Neb. 661, 157 N.W. 633; Citizens' Nat. Bank of Cameron v. Morrison, Tex.Civ. App. 1932, 50 S.W.2d 346; 7 C.J.S. Attorney and Client § 52, subd. b, fn 94 (1937). Thus, the question now before us is whether there is sufficient evidence in the record upon which the jury could find that Attorney Henry acted illegally or beyond his employment in order to secure an unconscionable advantage against the plaintiff-appellee Maritime Holding Corporation. The action of an attorney in a lawsuit frequently angers his client's opponent because the attorney by his energy often must advance his client's cause at the expense of the opponent. It is not infrequent that persons who have lost a lawsuit because of actions undertaken by an attorney on behalf of his client, feel that they have been unjustly dealt with by the attorney. Such results are one of the unfortunate byproducts of the adversary system before the courts. Nevertheless, the advantages of the adversary system in securing a full disclosure of the facts to the courts is such that we must accept its disadvantages.
As we view this record, there are only three factors which could possibly be interpreted as tending to show Attorney Henry's actions were beyond the pale of ordinary representation of his client. They are as follows: (1) Attorney Henry swore to the intervening libel himself and not upon information and belief; (2) He consulted with and prepared the original libel brought by the receiver for the Miami Shipbuilding Corporation; (3) He knew during all the history of the libel that Mr. Sidney Caplan, and consequently Maritime Holdings Corporation were represented in this area by Mr. Richard K. Fink, but did not communicate with Mr. Fink to inform him of the pendency of the libel.
It is our conclusion that these grounds are not sufficient to make a case of fraud and conspiracy, or either, against George H. Henry. The fact that Attorney Henry swore to the libel may be both unfortunate and ill-advised but it is not illegal and is a circumstance provided for by the rules of procedure in admiralty. Rules 22, 25, Rules of Practice in Admiralty and Maritime Cases; The Commack, 3 F.2d 704, (S.D.Fla. 1932). In addition, it is uncontradicted in the record that Mr. Henry's client was out of the city and not available. Under such circumstances we cannot hold that Mr. Henry's action indicates complicity in the scheme to defraud.
It is next suggested that the fact that it was upon Henry's suggestion that the receiver for the shipbuilding corporation begin the initial libel indicates Henry's plan to set in motion the machinery which resulted in the illegal advantage obtained *242 by Pickard. We do not think this conclusion follows because the libel of the shipbuilding corporation was for dockage, and might have been commenced at any time. It made no difference in the legal position of the Maritime Holdings Corporation whether the shipbuilding corporation libel, or the Pickard libel was filed first. Since the action of Henry in stimulating the filing of the shipbuilding corporation's libel in no way affected the rights of the plaintiff-appellee, it cannot be said that his actions were indicative of conspiracy or fraud.
The third reason advanced for a holding that Henry was implicated in the scheme which the jury found to exist, is his failure to inform the Maritime Holdings Corporation or its attorney. As to this ground, we know of no duty which required Mr. Henry to inform anyone other than his own client of the institution and progress of the libel he was employed to prosecute. Notice is provided by the court under the applicable statutes and rules.
Having reached the conclusion that none of the grounds advanced constitute a basis for the jury's finding that Attorney Henry was a party to the fraud alleged, and that none of these grounds are sufficient to form a basis for a finding that Henry was a party to a conspiracy against the plaintiff, we therefore hold the evidence insufficient to support the verdict as to appellant George H. Henry.
We are presented with one additional question. It is argued that Appellant Henry is not in a position to assign error upon the denial of his motion for directed verdict made at the conclusion of plaintiff's case on this appeal because he did not move for a directed verdict at the conclusion of all of the evidence. This rule has been recognized by the Supreme Court of Florida. 6551 Collins Ave. Corp. v. Millen, Fla. 1958, 104 So.2d 337.
In the City of Pompano Beach, Fla. v. Edwards, Fla.App. 1961, 129 So.2d 144, the District Court of Appeal, Second District, applied the rule and recognized a limitation thereon. The following quotation from Barron and Holtzoff, Fed.Practice and Procedure, Vol. II, § 1081 appears therein:
"* * * The appellate court, therefore, is powerless to review the sufficiency of the evidence to support the verdict if the appellant made no motion for a directed verdict. The only exception is where the insufficiency of the evidence constitutes plain error apparent on the face of the record which if not noticed would result in a manifest miscarriage of justice. * * *"
See also United States v. Harrell, 133 F.2d 504 (8th Cir.1943).
The instant case comes squarely under the exception stated because there is a total lack of evidence in this record to support a verdict against the defendant George Henry. We, therefore, affirm the judgment against the defendant Rod Pickard and reverse the judgment against the defendant George Henry.
Affirmed in part and reversed in part.