**Donald F. HICKS, Plaintiff,**

v.

**Mark R. LEWIS, Sr., et al., Defendants.**

**No. 95–218–CIV–T–17A.**

United States District Court,
M.D. Florida.
Tampa Division.

Nov. 9, 1995.

Donald F. Hicks, Interlachen, FL, pro se.

George Lee Waas, Attorney General's Office, Dept. of Legal Affairs, Tallahassee, FL, for Thomas E. Penick, Jr., George Greer.

Mark I. Shames, Law Office of Mark I. Shames, St. Petersburg, FL, pro se.

## AMENDED ORDER ON MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendants', Mark I. Shames and Keith A. Ringelspaugh, motions to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b) or, in the alternative, motions for summary judgment pursuant to Fed.R.Civ.P. 56(b) (Docket Nos. 29 and 30). Defendant Mark I. Shames filed his motion (Docket No. 30) on July 13, 1995 and Defendant Keith A. Ringelspaugh filed his motion (Docket No. 29) on July 12, 1995. A response was filed by the Plaintiff on July 10, 1995 (Docket No. 27).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### Procedural History

The Plaintiff, Donald F. Hicks, filed a complaint with this Court alleging violations of his Constitutional rights, Amendments I through XIV, by ten (10) separate Defendants. Two (2) of the Defendants are Circuit Court Judges, whose motions to dismiss have been dealt with in a separate order. The other Defendants consist of the two (2) attorneys whose motions are before this Court, a court appointed guardian, and several other individuals. The original complaint was dismissed by this Court without prejudice and the Defendants have renewed their motions to dismiss as these motions pertain to the amended complaint.

## Opinion

Plaintiff's claims fail for two (2) reasons: 1) lack of state action upon which the claims must be based and 2) failure to state valid claims. This Court will only address the requirement of state action because without state action the Plaintiff will have failed to state any valid Constitutional or civil rights claims, and this Court will not have subject matter jurisdiction over any other possible claims.

## Governmental Action Requirement

■ In order to bring a valid Constitutional or civil rights claim, state or federal governmental action must be present. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Plaintiff does not assert any grounds for a finding of federal governmental action in this case. Two (2) of the Defendants in this case are state court judges and the other Defendants are attorneys, private individuals, and a guardian appointed by the Probate Court. Therefore, all claims filed by the Plaintiff based on Constitutional Amendments I through XIII must be dismissed due to the absence of a federal governmental action, as to all defendants except Patricia A. Lamb who will be addressed by a separate order.

## State Action Requirement

■ Although the amended complaint has named two (2) judges as defendants in this case, the Plaintiff must demonstrate that the actions of these Defendants or the other Defendants in this case involve state action to support a Fourteenth Amendment or Civil Rights claim. Losing in state court, absent any allegations of any wrongful conduct by the judge outside of the possibility of an erroneous decision, does not constitute state action. *Gresham Park Community Organization v. Howell*, 652 F.2d 1227 (5th Cir. 1981). The Plaintiff has failed to state any valid claims against the judges named as Defendants in this case, therefore, this Court assumes that the Plaintiff is attacking the decisions rendered by these defendants. The Plaintiff has not set forth any facts to support such a contention in this case. Therefore, the judicial acts challenged in this case do not satisfy the requirement of state action necessary to support the Constitutional and civil rights claims.

■ The Defendants correctly assert that an attorney is not liable for either the acts of his clients, or his own acts that are committed or executed as a function of his role as an attorney. *Pickard v. Maritime Holdings Corp.*, 161 So.2d 239, 241 (Fla. 3rd DCA 1964). As a result, the actions of the Defendant attorneys in this case do not constitute state action. The actions of the individuals in this case can not comprise state action without a connection to another party whose acts do constitute state action, therefore, no state action is present in this case.

## Failure to State a Claim

■ The claims against Defendant Mark I. Shames lack the requisite finding of state action. Defendant Shames rendered a professional opinion to Patricia A. Lamb (court appointed guardian for Mary Hicks) regarding the merit, or lack thereof, as to a will contest on behalf of Mary Hicks against her brother's estate. Again, this attorney, Mark I. Shames, acted in his professional capacity as an attorney and this action does not qualify as state action. Defendant Shames also asserts that he had no involvement with the actual adjudication of incapacity of Mary Hicks.

The claims against Defendant Keith A. Ringelspaugh do not comprise Constitutional or civil rights claims. The Plaintiff alleges that Defendant Ringelspaugh has refused to return personal property pursuant to a court order, upon Plaintiff's release from incarceration. This Court is of the opinion that Plaintiff is asserting a claim of conversion, a criminal charge, or perhaps some type of state civil action, which may not be properly brought in this Court. Without a finding of state action on the part of Defendant Ringelspaugh, the Plaintiff does not have a Fifth Amendment claim.

## Conclusion

Without the presence of state action, the civil rights and Constitutional claims must be dismissed for failure to state a valid claim.

Any other claims that may be asserted are beyond the scope of the jurisdiction of this Court. In addition, the Defendants are correct in their contentions that the Plaintiff merely asserts bare conclusions of law and does not state specific grounds for these claims. Based on the foregoing findings, the amended complaint will be dismissed with regard to all Defendants in this suit with the exception of Patricia A. Lamb. Accordingly it is,

**ORDERED** that Defendants' motions to dismiss (Docket Nos. 29 and 30) the amended complaints be **GRANTED** and all defendants, with the exception of Patricia A. Lamb, be **dismissed** from this cause of action.

**DONE** and **ORDERED.**